TWIN MANUFACTURING COMPANY *v.* BLUM, SHAPIRO AND COMPANY

SUPERIOR COURT JUDICIAL DISTRICT OF FILE NO. 380220
HARTFORD-NEW BRITAIN AT HARTFORD

Memorandum filed October 9, 1991

*F. Timothy McNamara,* for the plaintiff.

*Cummings & Lockwood,* for the defendant.

CORRIGAN, J. The plaintiff brings this action to recover damages that it allegedly sustained in the purchase of the assets of Twin Manufacturing, Inc. (Old Twin). The plaintiff alleges that it relied on the financial statements prepared by the defendant as the certified public accountant of Old Twin, that the defendant knew or should have known the statements were prepared for the sale and that the defendant breached its duty to the plaintiff by failing to use the knowledge, skill and judgment usually possessed by members of the accounting profession in the preparation of financial statements. The defendant has moved to strike the complaint for failure to state a cause of action.

Both parties rely on the criteria in *Credit Alliance Corporation* v. *Arthur Andersen & Co.,* 65 N.Y.2d 536, 483 N.E.2d 110, 493 N.Y.S.2d 435 (1985), regarding the duty owed to a third party not in privity with the accountant where the court stated: "Before accountants may be held liable in negligence to noncontractual parties who rely to their detriment on inaccurate financial reports, certain prerequisites must be satisfied: (1) the accountants must have been aware that the financial reports were to be used for a particular purpose or purposes; (2) in the furtherance of which a known party or parties was intended to rely; and (3) there must have been some conduct on the part of the accountants linking them to that party or parties, which evinces the accountants' understanding of that party or parties' reliance." Id., 551.

The purpose of a motion to strike is to contest the legal sufficiency of the allegations of the complaint to state a claim upon which relief can be granted. In ruling upon the motion, the court is limited to the facts alleged and must construe them in the manner most favorable to the pleader. *Gordon* v. *Bridgeport Housing Authority,* 208 Conn. 161, 170, 544 A.2d 1185 (1988). Although the motion admits all well pleaded facts, it does not admit legal conclusions or the truth or accuracy of the opinions stated in the pleadings. *Mingachos* v. *CBS, Inc.,* 196 Conn. 91, 108, 491 A.2d 368 (1985). The plaintiff alleges in the complaint that it had purchased the assets of Old Twin in December, 1986, and that it had relied on financial statements prepared by the defendant. The plaintiff further alleges that the defendant had prepared and released Old Twin's financial statements for the years ending October 31, 1986, and October 31, 1985, and had prepared a balance sheet as of April 31, 1986. There are no allegations that the defendant prepared any financial statements for the plaintiff, or that the defendant was employed to prepare such statements for the purpose of sale of the assets to the plaintiff, or that there was any direct contact with the plaintiff by the defendant such as providing the plaintiff with a copy of the statements. The facts alleged, therefore, fail to demonstrate the existence of a relationship between the parties approaching privity so as to fall within the criteria of the action claimed. *Credit Alliance Corporation* v. *Arthur Andersen & Co.,* supra, 553.

The motion to strike is therefore granted.