[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO STRIKE
This is a class action for professional negligence brought by the plaintiffs, shareholders of a small business CT Page 3069 investment company, on behalf of all present shareholders of the investment company, against the defendant, an independent accounting firm. The defendant has moved to strike the complaint on the grounds that it fails to plead facts that would establish a legally recognizable duty of the defendant to the plaintiffs and fails to plead facts that would establish any compensable damage to the plaintiffs.
The plaintiffs' complaint alleges the following facts. The plaintiffs owned 990 shares in the First Connecticut Small Business Investment Company (hereinafter "First Connecticut"). Sometime after March 3, 1990, the defendant negligently audited First Connecticut and provided inaccurate information for First Connecticut's 1990 annual report. The plaintiffs relied on the information in the annual report in deciding to retain their shares in First Connecticut. The value of the shares is less than what it was prior to the negligent acts of the defendant. The plaintiffs claim economic damages because of the negligence of the defendant.
The function of a motion to strike is to allow a party to contest the legal sufficiency of a pleading. Ferryman v. Groton, 212 Conn. 138, 142 (1989). In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. Rowe v. Godou, 209 Conn. 273, 278 (1988). The court must construe the facts in the complaint most favorably to the pleader. Gordon v. Bridgeport Housing Authority, 208 Conn. 161,170 (1988). "A motion to strike is properly granted where a plaintiff's complaint alleges legal conclusions unsupported by facts." Mora v. Aetna Life and Casualty Ins., 13 Conn. App. 208,211 (1988).
In moving to strike the complaint, the defendant claims that the defendant did not owe the plaintiffs a duty when it audited First Connecticut's finances. Additionally, the defendant asserts that the plaintiffs have not suffered damages recoverable under tort law and that the plaintiffs did not purchase shares in reliance on the audit. In opposing the motion, the plaintiffs argue that the motion should be denied because there is no requirement of privity between the defendant and the shareholders and also because the issue of damages is factual.
Connecticut courts have only recently attempted to establish a standard of pleading in tort actions against accountants. See Twin Mfg. Co. v. Blum, Shapiro Co.,42 Conn. Sup. 119 (1992) (hereinafter "Twin I"); Twin Mfg. Co. v. Blum, Shapiro Co., 7 CSCR 344 (March 23, 1992, Burns, J.) (hereinafter Twin II). In these cases, the Twin I and Twin CT Page 3070 II courts adopted the Ultramares rule as expressed by the New York Court of Appeals in Credit Alliance Corp. v. Arthur Andersen Co., 493 N.Y.S.2d 435, 443, 483 N.E.2d 110
(1985). Twin I, supra, 120; Twin II, supra, 345.
The standard of proof articulated by the Credit Alliance court and adopted by the Twin I and Twin II courts states:
 Before accountants may be held liable in negligence to noncontractual parties who rely to their detriment on inaccurate financial reports, certain prerequisites must be satisfied: (1) the accountants must have been aware that the financial reports were to be used for a particular purpose or purposes; (2) in the furtherance of which a known party or parties was intended to rely; and (3) there must have been some conduct on the part of the accountants linking them to that party or parties, which evinces the accountants' understanding of the party or parties' reliance.
Credit Alliance Corp. v. Arthur Andersen Co., supra, 443; Twin I, supra 120; see Twin II, supra 345.
While the Twin I and Twin II decisions are not binding upon this court, they are persuasive as to the standard of proof in this case.
The plaintiffs allege in their complaint that they retained the shares that they already owned. They do not allege a contractual relationship between the defendant and the plaintiffs. Also, the complaint contains no allegations that the defendant knew the plaintiffs would rely on the information. Additionally, there are no allegations of conduct on the part of the defendant linking the defendant to the plaintiff, or clearly demonstrating the defendant's understanding of the plaintiffs' reliance. Therefore, the plaintiffs have not alleged the requisite relationship needed to plead a legally sufficient cause of action against the defendant.
Accordingly, the motion to strike is granted.
HENDEL, JUDGE CT Page 3071