BRUCE TACKLING ET AL. *v.* MARY SHINERMAN ET AL.

SUPERIOR COURT     JUDICIAL DISTRICT OF     FILE No. 521012
NEW LONDON

Memorandum filed April 20, 1993

*Sklarz, Early & Avalone,* for the plaintiffs.

*Douglas J. Monaghan,* for the named defendant.

*Skelley, Vinkels & Rottner,* for the defendant Doris DeWees.

*Garon Camassar,* for the defendant William E. Kane et al.

*Waller, Smith & Palmer,* for the defendant McCue Mortgage Company.

No appearance for the defendant Remax Olympic Realty Company.

TELLER, J. The issue presented is whether the court should grant the motion of the defendant Doris DeWees for summary judgment on counts fourteen and fifteen of the plaintiffs' complaint on the grounds that: this defendant did not owe a duty to the plaintiffs; the federal regulations do not authorize a private cause of action; and the plaintiffs have not alleged sufficient

facts to sustain an action under the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq. The court denies the motion as to both counts.

The plaintiffs, Bruce and Helene Tackling, individually and as father, mother and next friends of their minor children Jessica, Nicholas and Joseph Tackling, filed a nineteen count revised complaint on August 21, 1992. The action arises out of a real estate transaction in which the plaintiffs purchased a home containing lead paint. The plaintiffs allege in counts fourteen and fifteen that DeWees performed an inspection on the plaintiffs' property as required in order for the plaintiffs to receive a Federal Housing Authority (FHA) insured mortgage loan through the federal department of Housing and Urban Development (HUD).

They allege further that as part of the process and procedure of providing financing, as required by HUD/FHA guidelines, it was necessary that an appraisal be done to establish the value of the residence, and that the defendant McCue Mortgage Company hired DeWees to perform the necessary inspection of the property that the plaintiffs sought to purchase. The plaintiffs also allege that: the appraisal was paid for by them; DeWees knew or should have known that the plaintiffs had three small children; and that the residence contained lead-based paint on its interior and exterior surfaces which was peeling, chipping and cracking. As a result of the negligent appraisal by DeWees and in violation of the HUD/FHA guidelines, the plaintiffs allege, they obtained the mortgage loan from HUD/FHA and McCue, purchased their residence at a price far above its real fair market value, and that the Tackling children ultimately became exposed to dangerous, toxic and poisonous paint with a base greater than six hundredths of 1 percent lead.

The plaintiffs allege in count fourteen that DeWees was negligent in performing her inspection. In count fifteen the plaintiffs allege that the actions of DeWees violate General Statutes § 42-110a et seq. The plaintiffs seek damages for both physical and emotional injuries and financial losses.

DeWees then filed the present motion seeking summary judgment on counts fourteen and fifteen of the plaintiffs' complaint. The plaintiffs filed a memorandum of law in opposition to DeWees' motion and the parties were heard.

A moving party is entitled to summary judgment if the party proves the nonexistence of material facts and that the party is entitled to judgment as a matter of law. Practice Book § 384.

DeWees argues that she is entitled to summary judgment on count fourteen of the plaintiffs' complaint because there was no privity of contract between her and the plaintiffs, and, therefore, she asserts that the section of the National Housing Act that requires an appraiser to "inspect the dwelling for defective paint surfaces"; 24 C.F.R. § 5200.805; does not provide the plaintiffs with a private cause of action.

The plaintiffs base their claim in the fourteenth count of their complaint on the common law theories of negligence and negligence per se. Despite DeWees' assertion, the plaintiffs do not contend that the Federal Housing Act provides a private cause of action.

In order to recover damages in negligence, a plaintiff must prove that the actor owed a "duty of care to the victim, which was breached by the actor's failure to meet the standard of care arising therefrom and that the breach was the proximate cause of actual harm suffered by the victim." *Coburn* v. *Lenox Homes, Inc.*, 186 Conn. 370, 372, 441 A.2d 620 (1982) (*Coburn II*).

The existence of such a duty is a question of law for the court to decide. *Shore* v. *Stonington,* 187 Conn. 147, 151, 444 A.2d 1379 (1982). "A duty to use care may arise from a contract, from a statute, or from circumstances under which a reasonable person, knowing what he knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result from his act or failure to act." *Coburn II,* supra, 375. The concept of privity is not relevant to an action based upon negligence. *Zapata* v. *Burns,* 207 Conn. 496, 516, 542 A.2d 700 (1991), citing *MacPherson* v. *Buick Motor Co.,* 217 N.Y. 382, 111 N.E. 1050 (1916).

Although the appellate courts of Connecticut have yet to address the issue of an appraiser's liability to third parties, the courts have examined the liability of other professionals in similar relationships.

In *Coburn* v. *Lenox Homes, Inc.,* 173 Conn. 567, 575, 378 A.2d 599 (1977) (*Coburn I*), the Supreme Court adopted the reasoning of the Massachusetts Supreme Judicial Court in *McDonough* v. *Whalen,* 365 Mass. 506, 512, 313 N.E.2d 435 (1974), and stated: "[A] builder or contractor may be liable for injuries or damage caused by his negligence to persons with whom he has no contractual relation and even though his work is completed and accepted by the owner before the injuries or damage occurred. Liability will be imposed, however, only if it is foreseeable that the contractor's work, if negligently done, may cause damage to the property or injury to the persons living on or using the premises." (Internal quotation marks omitted.) The court in *Coburn I,* supra, further opined that an actor's duty to use due care depends upon the "foreseeability that harm may result if [care were] not exercised." Finally, that court determined that the existence of a duty in the case before them depended upon the "resolution

of questions requiring factual development," regarding the foreseeability of the resulting harm to the plaintiff. Id., 576.

In *Zapata* v. *Burns,* supra, 516–17, the court recognized that the negligence standard previously discussed and applicable to builders and contractors, logically extends to architects and engineers. Furthermore, such liability, regardless of privity, has been extended to attorneys; *Krawczyk* v. *Stingle,* 208 Conn. 239, 543 A.2d 733 (1988);[1] to accountants; *Twin Mfg. Co.* v. *Blum, Shapiro & Co.,* 42 Conn. Sup. 119, 602 A.2d 1079 (1991);[2] and to surveyors; *Simics* v. *Sharpe,* Superior Court, judicial district of Ansonia-Milford, Docket No. 33261 (May 13, 1991).

---

[1] In actions by third parties against attorneys, the inquiry is whether the "primary or direct purpose of the transaction was to benefit the third party." *Krawczyk* v. *Stingle,* 208 Conn. 239, 245, 543 A.2d 733 (1988). Unlike the liability of other professionals, the inquiry of whether an attorney owes to third parties a duty to use care requires the additional consideration of the attorney-client privilege. Id., 245–46. In *Krawczyk,* the court declined to impose liability for the negligent delay in the execution of an estate planning document because it would conflict "with a lawyer's duty of undivided loyalty to the client." Id., 246.

[2] In *Twin Mfg. Co.* v. *Blum, Shapiro & Co.,* 42 Conn. Sup. 119, 120, 602 A.2d 1079 (1991), the court applied the criteria set out in *Credit Alliance Corporation* v. *Arthur Andersen & Co.,* 65 N.Y.2d 536, 551, 483 N.E.2d 110, 493 N.Y.S.2d 435 (1985): " '(1) the accountants must have been aware that the financial reports were to be used for a particular purpose or purposes; (2) in the furtherance of which a known party or parties was intended to rely; and (3) there must have been some conduct on the part of the accountants linking them to that party or parties, which evinces the accountants' understanding of that party or parties' reliance.' " The court granted the defendant's motion to strike asserting that the plaintiff had failed to allege the existence between the parties of a relationship approaching privity to sustain the third prong of the *Credit Alliance* test. *Twin Mfg. Co.* v. *Blum, Shapiro & Co.,* supra, 121; see also *Rogovan* v. *Coopers & Lybrand,* Superior Court, judicial district of New London, Docket No. 519696 (April 3, 1992, 7 C.S.C.R. 480) (where the court granted defendant's motion to strike on ground that plaintiff had failed to allege requisite relationship between parties).

Other courts have held appraisers liable to third parties. See *Larsen* v. *United Federal Savings & Loan Assn.,* 300 N.W.2d 281 (Iowa 1981); *Stotlar* v. *Hester,* 92 N.M. 26, 582 P.2d 403 (1978);[3] but see *Gay* v. *Broder,* 109 Cal. App. 3d 66, 167 Cal. Rptr. 123 (1980).

The court concludes that the negligence analysis applied to contractors, builders, architects and surveyors logically extends to appraisers. Whether the appraiser owed a duty to use care to the plaintiffs in the present case depends upon the resolution of the issue of foreseeability, which involves a two tier inquiry: (1) is it reasonably foreseeable that the plaintiffs would rely on the appraiser's report; and (2) is it reasonably foreseeable that harm of the general nature of that suffered would result if the duty to use care was not exercised. See *Coburn I,* supra, 575–76.

The plaintiffs allege in their complaint that DeWees was selected and hired by McCue, HUD and the FHA to perform the appraisal of the residence. The plaintiffs allege further that such inspection was required by HUD/FHA guidelines and that DeWees knew or should have known that the plaintiffs had one child under six years of age and that the plaintiff wife was in her third trimester of pregnancy. The plaintiffs also allege that they paid for the appraisal.

DeWees attached her own affidavit to her memorandum of law in support of her motion for summary judgment. In the affidavit, DeWees states that she was contacted by McCue to perform an appraisal of the property, that there was no contractual relationship between her and McCue, and that there was no contractual relationship between her and the plaintiffs.

[3] The court, citing § 552 of the Restatement (Second) of Torts, held that the appraiser could also be held liable for negligent representation. *Stotlar* v. *Hester,* 92 N.M. 26, 28–29, 582 P.2d 403 (1978).

It is evident that the plaintiffs have alleged sufficient facts to sustain an action in negligence against DeWees. There is a genuine issue of material fact as to whether it is reasonably foreseeable that the plaintiffs, the buyers of a home purchased with a mortgage backed by HUD, and insured by the FHA, would rely on a HUD approved appraiser's determination of the existence or nonexistence of lead paint. This is particularly so if, as alleged by the plaintiffs, the appraisal was a prerequisite to the plaintiffs obtaining a mortgage backed by HUD, and if the appraiser was required to determine the existence or absence of lead paint. There is also a genuine issue of material fact regarding whether it is reasonably foreseeable that the negligent performance of the appraiser's duty would result in the general harm that the plaintiffs allege: lead poisoning and decreased property value.

The factual assertions set forth by DeWees do not prove, as a matter of law, that she owed no duty to use care to the plaintiffs. As stated earlier, privity is not required to sustain an action in negligence. See *Coburn I,* supra, 572. Although the relationship between the parties is a factor to consider when determining the issue of foreseeability, it is not dispositive on the issue of whether DeWees owed a duty to the plaintiffs.

The plaintiffs also allege that DeWees owed a duty to them under federal regulations.

In order for a plaintiff to prevail on a common law negligence claim for the violation of a statute a plaintiff must satisfy two conditions: "(1) the plaintiff must be a member of the class protected by the statute; and (2) the injury must be of the type the statute was intended to prevent." *Small* v. *South Norwalk Savings Bank,* 205 Conn. 751, 760, 535 A.2d 1292 (1988); *Wright* v. *Brown,* 167 Conn. 464, 468–69, 356 A.2d 176 (1975).

In *Small* v. *South Norwalk Savings Bank,* supra, the plaintiff sued the mortgage company that financed her home alleging that it breached a duty to advise or inform her, as required by 12 C.F.R. §§ 339.0 through 339.5, that the property was located in a special flood hazard area. The plaintiff based her claim on the following language, which mandated that banks insured by the Federal Deposit Insurance Corporation " 'shall, as a condition of making, increasing, extending or renewing any loan secured by improved real estate . . . located or to be located in an area that has been identified by the Secretary of Housing and Urban Development as an area having special flood hazards, mail or deliver as soon as feasible but not less than 10 days in advance of closing of the transaction . . . a written notice to the borrower stating: (1) That the property securing the loan is or will be located in an area so identified . . . .' " Id., 754, quoting 12 C.F.R. § 339.5.

In the lower court, the case went to the jury on the negligence claim and the jury returned a verdict in favor of the plaintiff. Id., 755. On appeal, the defendant argued that it did not owe a duty to the plaintiff and, therefore, the judgment should be reversed. Id., 759–60. The court examined the requirements that a plaintiff must meet in order to sustain a negligence action founded upon the violation of a statute and upheld the plaintiff's award. Id., 760.

In the present case, the plaintiffs have cited 24 C.F.R. § 200.810 (b), which provides in pertinent part: "Appraisal. The fee panel appraiser or direct endorsement appraiser of a dwelling constructed prior to 1978 *shall* inspect the dwelling for defective paint surfaces. If a defective paint surface is found, the commitment or other approval document *will* contain the requirement that the surface is to be treated as described in paragraph (c) of this section. Treatment of the surface

*shall* be accomplished before the mortgage is endorsed for insurance . . . ." (Emphasis added.) They have also cited 24 C.F.R. § 200.800, which provides in pertinent part: *"The purpose of this subpart* is to implement the provisions of section 302 of the Lead-Based Paint Poisoning Prevention Act, 42 U.S.C. [§§] 4821–4186, by establishing procedures to *eliminate as far as practicable the hazards of lead-based paint poisoning . . . ."* (Emphasis added.)

The plaintiffs allege that DeWees was selected as an appraiser because she was approved by the FHA as an appraiser. The directive language of the regulations cited above is substantially similar to the directive language cited by the plaintiff in *Small* v. *South Norwalk Savings Bank,* supra. The plaintiffs, as purchasers and occupiers of the premises, are members of the class protected by the regulations, which seek to protect the members of that class from unknowingly occupying a structure that contains lead paint. As such, it is evident that the plaintiffs' negligence allegations, affidavits and documentary evidence raise genuine issues of material fact. DeWees' motion for summary judgment as to count fourteen is, therefore, denied.

DeWees asserts that she is entitled to summary judgment on count fifteen of the plaintiffs' complaint, which alleges a violation of CUTPA, because she owed no duty to the plaintiffs. DeWees concludes in her memorandum that, because she is not liable for negligence, it cannot be reasonably argued that her conduct constituted an unfair or deceptive trade practice.

As the court has denied DeWees' motion for summary judgment on the plaintiffs' negligence count, her argument regarding the plaintiffs' CUTPA claim must also fail.

Accordingly, the defendant DeWees' motion for summary judgment is denied as to counts fourteen and fifteen.