[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
I. Factual and Procedural Background
On June 29, 1994, the plaintiff, Shawmut Bank Connecticut, N.A. ("Shawmut"), filed a three count complaint against the defendant, Deloitte Touche ("Deloitte"), alleging professional malpractice, negligent misrepresentation, and breach of contract. Shawmut, as successor to Connecticut National Bank, claims injuries arising out of its reliance on a report prepared by Deloitte for SecurityLink, which allegedly was the basis of a loan approval for SecurityLink.
Deloitte filed a motion to strike the complaint on the grounds that it is barred by the statute of limitations and CT Page 4305 that it fails to state a claim upon which relief may be granted in that no duty is owed to the plaintiff, there is no privity between the plaintiff and the defendant, there is no allegation of reasonable reliance on the draft report, and that the contract claim is premised on tort law. Deloitte filed a memorandum in support of its motion to strike, and Shawmut filed a filed a memorandum in opposition. Deloitte filed a reply memorandum in support of its motion to strike, Shawmut filed a sur-reply memorandum in opposition, and Deloitte filed a rebuttal memorandum.
II. Discussion
A motion to strike tests the legal sufficiency of a pleading. Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 214-15, 618 A.2d 25 (1992). The court is limited to the facts in the complaint, which are construed most favorably to the plaintiff. Id., 215. The motion does not admit legal conclusions or the truth or accuracy of opinions in the pleadings. Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985).
A. Statute of Limitations
Normally, a claim that an action is barred by the lapse of the statute of limitations must be pleaded as a special defense, not raised by a motion to strike. Practice Book § 164. A claim that a statute of limitations bars the action may be raised on a motion to strike only in two limited situations.Forbes v. Ballaro, 31 Conn. App. 235, 239, 624 A.2d 389
(1993). The exception arguably relevant to the present case is when the "parties agree that the complaint sets forth all the facts pertinent to the question whether the action is barred by the statute of limitations." Id. Shawmut objects to Deloitte's use of the motion to strike to raise the statute of limitations, claiming that there are facts outside the complaint that will demonstrate the statute does not bar the action. Since the parties do not agree that the complaint sets forth all pertinent facts, the motion to strike is denied as to the statute of limitations ground.
B. Failure to State a Cause of Action
1. Count One — Professional Malpractice CT Page 4306
Malpractice is commonly defined as "the failure of one rendering professional services to exercise that degree of skill and learning commonly applied under all the circumstances in the community by the average prudent reputable member of the profession with the result of injury, loss, or damage to the recipient of those services." Barnes v. Schlein, 192 Conn. 732,735, 473 A.2d 1221 (1984). The four essential elements of a malpractice action are that (1) the defendant must have a duty to conform to a particular standard of conduct for the plaintiff's protection; (2) the defendant must have failed to measure up to that standard; (3) the plaintiff must suffer actual injury; and (4) the defendant's conduct must be the cause of the plaintiff's injury. LaBieniec v. Baker, 11 Conn. App. 199,202-203, 526 A.2d 1341 (1987).
Deloitte argues that it does not owe Shawmut a duty in negligence because there is no semblance of privity between them, as required by a line of cases such as Credit AllianceCorp. v. Arthur Andersen Co., 65 N.Y.2d 536, 493 N.Y.S.2d 435,483 N.E.2d 110 (1985).[1] Shawmut contends that Connecticut law dictates that a duty to use reasonable care is owed whenever the harm suffered is reasonably foreseeable.
Deloitte correctly argues that some courts followCredit Alliance, and require the plaintiff to demonstrate a relationship approaching privity in order to establish a duty in negligence to the third party. However, although a few Connecticut trial courts have followed Credit Alliance; see, e.g.,Twin Mfg. Co. v. Blum, Shapiro and Co., 42 Conn. Sup. 119,602 A.2d 1079 6 Conn. L. Rptr. 53 (1991); there is no binding appellate authority in Connecticut mandating the application of this stricter standard. Rather, "[t]he ultimate test of the existence of a duty if it is not exercised." Coburn v. Lenox Homes, Inc.,173 Conn. 567, 575, 378 A.2d 599 (1977). "[T]he requirement of privity should only be applicable to actions growing out of contract theory and should be irrelevant to tort actions." Id., 574. See also, Tackling v. Schinerman, 42 Conn. App. 517,520-23, 630 A.2d 1381 (1993).
Shawmut alleges that Deloitte was informed that its audited financial statements were a condition of Shawmut's loans and that "the loan condition was the only reason that SecurityLink required audited financial statements of Deloitte's services." (Emphasis added.) [Complaint, Count One, para. 6.] Shawmut further alleges that "Deloitte knew CT Page 4307 that it had been requested to audit and/or render its opinions upon the financial statements due to the lending relationship between Shawmut and SecurityLink and that the audited financial statements would be provided to and relied upon by Shawmut in its dealings with SecurityLink." [Complaint, Count one, para. 9.]
Additionally, Shawmut was informed that the report was called a "draft" only because Deloitte had not been paid for its services and would not be paid except upon a restructuring by Shawmut. [Complaint, Count One, para. 13.] Deloitte's argument that Shawmut's reliance was not reasonable is a question of fact not properly resolved by a motion to strike. Accordingly, Shawmut has sufficiently pleaded a claim for negligence, and the defendant's motion to strike count one is denied.
2. Count Two — Negligent Misrepresentation
Although Deloitte again urges the court to followCredit Alliance, which requires near privity in order to assert negligent misrepresentation claims against accountants, Connecticut follows the test set forth in § 552 of the Restatement Second of Torts (1979): "One who, in the course of his business, profession or employment . . . supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information." See D'Ulisse-Cupo v. Board of Directorsof Notre Dame High School, 202 Conn. 206, 217-18, 520 A.2d 217
(1987). The express language of the Restatement does not require privity:
 . . . for whose benefit and guidance he intends to supply the information or knows that the recipient intends to supply it; and through reliance upon it in a transaction that the recipient intends the information to influence or knows that the recipient so intends or in a substantially similar transaction.
Restatement (Second) Torts § 552 (1979). (Emphasis added.) CT Page 4308
Shawmut has alleged facts sufficient to support a claim for negligent misrepresentation. Shawmut alleges that Deloitte knew when it prepared the report that it would be provided to Shawmut as a condition of lending agreements, [Complaint, Count 2, para. 9] that Deloitte failed to use reasonable care in preparing the report, [Complaint, Count 2, para. 19 and 20] and that Shawmut justifiably relied on Deloitte's representations. [Complaint, Count 2, para. 22.] Accordingly, the motion to strike count two is denied.
 3. Count Three — Breach of Contract; Third Party Beneficiary
"[A] third party seeking to enforce a contract must allege and prove that the contracting parties intended that the promisor should assume a direct obligation to the third party."Stowe v. Smith, 184 Conn. 194, 196, 441 A.2d 81 (1981). "Contracts for the benefit of a third party are enforceable without any requirement that the promisor's performance be rendered directly to the intended beneficiary." Id., 197. "It is true, of course, that it is not in all instances necessary that there be express language in the contract creating a direct obligation to the claimed third party beneficiary." Knapp v. New HavenRoad Construction Co., 150 Conn. 321, 326, 189 A.2d 386
(1963). "[T]he ultimate test to be applied [in determining whether a person has a right of action as a third party beneficiary] is whether the intent of the parties to the contract was that the promisor should assume a direct obligation to the third party [beneficiary] and . . . that intent is to be determined from the terms of the contract read in the light of the circumstances attending its making, including the motives and purposes of the parties." Id., 325.
Shawmut has properly pleaded that Deloitte was informed that the sole purpose that SecurityLink hired it was to provide financial audits to Shawmut. [Complaint, Count Three, para. 6.] Because Shawmut's allegations claim that the audits were solely for the benefit of Shawmut, and were being done only because Shawmut required such audits, and given the allegation that Deloitte knew this to be so, Shawmut has sufficiently pleaded a claim for breach of contract. Although Deloitte argues that it did not intend to assume a direct obligation to Shawmut, that is a question of fact not properly resolved by a motion to strike. Because Shawmut has alleged facts which support a cause of action for breach of contract, CT Page 4309 the defendant's motion to strike count three is denied.
III. Conclusion
The defendant's motion to strike counts one, two and three of the plaintiff's complaint is denied because the statute of limitations is not properly raised by a motion to strike and because the facts alleged support a cause of action for professional malpractice, negligent misrepresentation and breach of contract.
SUSAN B. HANDY JUDGE, SUPERIOR COURT