[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
In January 1992, the plaintiff, William Depamphilis, entered into a real estate sales agreement with the defendants, Timothy F. Casey and Franca Casey, to purchase a single family home located at 172 Cedar Wood Lane in Newington, Connecticut. Prior to the closing, the property was inspected by Goldring Home Inspections ("Goldring") and Charter Home Appraisal Company ("Charter"), respectively. The plaintiff had hired Goldring and that the plaintiff's mortgage lender, McCue Mortgage Company, retained Charter.
The purpose of Charter's appraisal was two-fold: to assign a value to the property and examine certain physical characteristics of the property. In early March 1992, Charter issued a report attesting, inter alia, to the home's connection to the municipal sewer system, and to its resting CT Page 4751 on a specified concrete foundation. McCue Mortgage Company paid Charter for the appraisal and later passed this cost on to the plaintiff. Subsequent to this report, on March 31, 1992, the plaintiff closed on the home. Soon after the purchase, in the course of renovations, the plaintiff discovered that the house was not connected to the sewer system as stated by Charter, nor did it rest upon a concrete slab as indicated in Charter's appraisal report.
Plaintiff filed suit against the Caseys, Goldring and Charter. Plaintiff's complaint against Charter alleges breach of contract, negligence, and a violation of Connecticut General Statutes (C.G.S.) § 42-110b et seq., the Connecticut Unfair Trade Practices Act (CUTPA). Charter has moved for summary judgment, claiming that it did not contract with the plaintiff to perform the appraisal, but, rather, had agreed to perform its service only for the plaintiff's mortgage company. This lack of privity, according to Charter, dooms the plaintiff's claims against it pursuant to General Statutes § 36a-755 ("Mortgage appraisal practices"), specifically subsection (d).
For the following reasons, the motion is granted.
A motion for summary judgment is granted when "the pleadings, affidavits and any other proof submitted show that there is no issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Connell v.Colwell, 214 Conn. 242, 246 (1990), quoting Zichichi v.Middlesex Memorial Hospital, 204 Conn. 399, 402 (1987). A material fact is one that will make a difference in the outcome of the case. Hammer v. Lumberman's Mutual CasualtyCo., 214 Conn. 573, 578 (1990). A party opposing summary judgment must substantiate its adverse claim by presenting evidence that demonstrates the existence of a material fact.Burns v. Hartford Hospital, 192 Conn. 451, 455, 472 A.2d 1257
(1984). CT Page 4752
General Statutes § 36a-755 (formerly codified as § 36-9h) generally provides mortgage applicants with access to appraisal reports for which they have been charged a fee by their lender. General Statutes § 36a-755(b), (c). Subsection (d), however, states as follows: "Any person who prepares such appraisal reports shall not be liable to any person with whom the preparer has not contracted to make such appraisal report for opinions or facts stated in or omitted from such appraisal report, unless such statement or omission results from intentional misrepresentation." Barring "intentional misrepresentation," the plain language of this subsection provides a statutory defense for an appraiser where no privity of contract exists between it and a complaining party. For purposes of this summary judgment motion, therefore, the only question presented is whether Charter and the plaintiff entered into a contract for appraisal of the property at issue.[1] In support of its motion, Charter asserts that it never entered into a contractual relationship with the plaintiff. To this end, Charter has submitted the affidavit of Donald Mullane, Charter's president, which states that Charter never engaged in any discussions with the plaintiff regarding an appraisal of 172 Cedar Wood Lane. The appraisal contract, according to Mullane, was between the mortgage company, McCue, and Charter. In response, the plaintiff advances a third-party beneficiary theory of contract law which imposes liability upon a contracting party for injuries sustained by a non-party. In opposing summary judgment, the plaintiff, in his memorandum, states: "[c]learly there exists a genuine issue as to whether or not the Plaintiff is a third party beneficiary of the contract between the Defendant Charter and McCue Mortgage Company upon which the Plaintiff has a common law right to bring suit." Thus, the plaintiff acknowledges the lack of privity between it and Charter, characterizing its own role as that of "third party beneficiary" and the contract as between "the Defendant Charter and McCue. . . ."
In this manner, the plaintiff rests its argument entirely upon common law principles. By advancing its idea of a "common law right to bring suit," however, the plaintiff ignores the very purpose behind § 36a-755(d): to abrogate the common law rule and require privity as a requirement to recovery. Though there very well might be a question as to whether the plaintiff is a third party beneficiary, this CT Page 4753 inquiry is immaterial given the express exclusion in §36a-755(d) of parties not in privity — including third party beneficiaries — from those who may seek redress against an offending appraiser.
Plaintiff cites Tackling v. Shinerman, 42 Conn. Sup. 517, 8 CONN. L. RPTR. 313 (1993) in support of its third party beneficiary theory of recovery. Tackling, like the case at hand, involved an appraisal, performed at the request of the mortgage lender, which was alleged to be defective. The aggrieved homeowner filed suit, alleging negligence and a violation of CUTPA. The appraiser moved for summary judgment, invoking the common law
doctrine of privity as a defense. In denying the motion, the court adhered, in part, to competing third party beneficiary principles and found a question of fact remaining as to "[w]hether the appraiser owed a duty to use care to the plaintiffs. . . ." Id., 522.
Though on its face Tackling provides support for the plaintiff's common law argument, the court in Tackling did not address § 36-9h(d), the identical predecessor to § 36a-755(d). For this reason, I find Tackling unpersuasive in this matter.
Accordingly, the defendant's motion for summary judgment is granted.
Berger