[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed September 6, 1996
In this case the defendant has filed a motion to strike directed to the complaint. On a motion to strike the facts alleged in the complaint must be construed in a manner most favorable to the pleader. Amodio v. Cunningham, 182 Conn. 80, 82
(1980). The complaint alleges that in 1989 the plaintiff listed a CT Page 5523 home in Shelton for sale and that three related individuals agreed to buy it. The buyers' attorney contracted with the defendant attorney to conduct a title search in connection with the closing. The complaint further alleges that the plaintiff and the plaintiff's attorney at the closing relied upon the defendant attorney's title search and the description attached to it to draft the deed of conveyance to the buyers of the property from the plaintiff and such reliance was reasonably foreseeable.
The complaint goes on to allege the defendant attorney failed to examine the tax assessor's field cards and discover that the subject property had been divided into two lots in 1987, failed to examine the index of maps which would have shown the property had been divided into two lots, neglected to note on his abstract of title the existence of this map, failed to note this information on his certificate of title, or make further inquiry of the parties as to which one of the parcels was involved in the sale.
As a result of the purported negligence of the defendant the plaintiff and his lawyer were unaware that the description attached to the defendant's title search encompassed the two subdivided parcels not just the .26 acre lot which was listed for sale and which was the only lot the plaintiff intended to sell. Thus the defendant's negligence according to the complaint caused the plaintiff to inadvertently execute and deliver a deed to the buyers conveying title to both the .26 acre lot and another .187 acre lot. He thereby lost title to the .187 acre lot and incurred various expenses in an attempt to recover title to this lot.
The defendant has filed a motion to strike. He claims that he owed no duty to the plaintiff so that there is no basis for this action in negligence and that in any event the claim is barred by the applicable statute of limitations, § 52-584(b) of the General Statutes.
 Whether There Was a Duty Owed to the Plaintiff
The defendant quotes from two cases for the basis of his argument. In Leavenworth v. Mathes, 38 Conn. App. 476, 479 (1995) the court said:
 To recover on a theory of negligence, the plaintiffs must establish that the defendant owed a duty to CT Page 5524 them and that he breached that duty . . .
 . . . The existence of a duty is a question of law, and only if such a duty is found to exist does the trier of fact then determine whether the defendant violated that duty in the particular situation . . .
Thus: "If a court determines, as a matter of law, that a defendant owed no duty to a plaintiff, the plaintiff cannot recover in negligence from the defendant." R.K. Constructors,Inc. v. Fusco Corp. 231 Conn. 381, 384-85 (1994).
The case at 231 Conn. pages 385-86, then goes on to define duty which basically has two components.
First a court must determine whether the specific harm alleged by the plaintiff was foreseeable. Thus, initially, if it is not foreseeable to a reasonable person in the defendant's position that harm of the type alleged would result from the defendant's actions to a particular plaintiff the question of the existence of a duty to use care is foreclosed and no cause of action can be maintained by the plaintiff, id, pp. 385-86, because no duty can be found.
Secondly, however, "A simple conclusion that the harm to the plaintiff was foreseeable . . . cannot by itself mandate a determination that a legal duty exists," id p. 386. That is, pragmatic reasons may exist that will bar recovery even when a harm is foreseeable, cf Maloney v. Conroy, 208 Conn. 392, 400-01
(1988). Thus "the final step of the duty inquiry . . . is to make a determination of the fundamental policy of the law, as to whether the defendant's responsibility should extend to such results," i.e. imposing liability on the defendant for a particular activity, id p. 386.
From this perspective cases like Coburn v. Lenox Homes, Inc.,173 Conn. 567 (1977), and Zapata v. Burns, 207 Conn. 496 (1988), can be appropriately analyzed.[1] Thus in Coburn the Court held that a home builder, depending on the factual circumstances of a case, could be found to have foreseen the consequences of his or her negligent activity to a subsequent property purchaser. And no policy consideration, such as the absence of privity between the builder and a purchaser subsequent to the party for whom the work was done, would prevent the bringing of the action. On the contrary, analogizing the situation to the policy considerations CT Page 5525 behind product liability actions, there are policy reasons why liability should be imposed. A skilled or trained businessperson puts a product on the market and that person has complete control over the actual production or delivery of the product. The purchaser of the product, whether it's a house or a car, has no expertise or skill in discovering hidden defects. These two factors when considered together dictate in negligence actions that privity is no bar where a builder is sued by a subsequent purchaser for what to the builder was foreseeable harm that could be expected to result from his or her own negligence. The same result has been reached in Zapata v. Burns, 207 Conn. 496, 517,517 (1988), where it was recognized that the elimination of the privity requirement in negligence cases applied not only to building contractors but also to architects and engineers.
On the other hand, the fact that harm is foreseeable at some level and that the party against whom the negligence is brought is a professional does not mean a cause of action is therefore allowed if policy reasons suggest that it would not be wise to permit it. Thus, in actions against attorneys the court inKrawczyk v. Stingle, 208 Conn. 239, 246 (1988), noted that "Courts have refrained from imposing liability when such liability had the potential of interfering with the ethical obligations owed by an attorney to his or her client." There the court decided that the imposition of liability to third persons "for negligent delay in the execution of estate planning documents would not comport with a lawyer's duty of undivided loyalty to the client," id, p. 246, also see Maloney v. Conroy,208 Conn. 392, 401-02 (1988), where the court looked beyond foreseeability in imposing limitations on bystander emotional distress allegedly resulting from the malpractice of doctors in treating the mother of the plaintiff.
But, for the purposes of this case and to begin the analysis in reverse order, there is no policy reason as such that would prevent the imposition of liability on a title searcher or an attorney acting as a title searcher. The fact that an attorney is the defendant for purposes of what can be addressed on this motion to strike does not raise the specter of ethical conflicts between what the lawyer in doing the search might owe to his client as opposed to others. He wasn't acting as an attorney, the task was defined and circumscribed and on a motion to strike any ethical problems are not apparent because they cannot be effectively raised. But here all of this puts the cart before the horse, to use an original metaphor. The problem as I see it with CT Page 5526 this complaint is not a policy consideration barring an action despite the foreseeability of harm. The problem is with the initial consideration of foreseeability. No facts are alleged in the complaint which indicate how or why a person preparing a title search at the request of a buyer's attorney should foresee that the plaintiff's reliance on his title search would be reasonably foreseeable. To say that such "reliance was reasonably foreseeable" is completely conclusory and cannot withstand a motion to strike in this our fact pleading state. Why was it reasonably foreseeable? Was the defendant told his title search would be so used by the plaintiff? Is it the custom to have a title search so prepared in this locale used in this manner and would the preparer know this or should he or she be held to have known it?
Two cases cited by the plaintiff are not that helpful to his position. The case of Century 21 Deep South Prop v. Corson,612 So.2d 359 (Miss. 1992), held that under Mississippi law there is no duty owed by a real estate broker to the purchaser of property to use care in obtaining a title update. However, a duty is created when the broker or its agent gratuitously undertakes to do the title work for the purchaser of the property. The attorney who prepared the certificate of title was also a defendant. The court held a negligence action would lie against an attorney for negligence in performing title work, even though there was no attorney-client relationship, if there was injury to foreseeable third parties. But apparently it was the local custom to update title opinions prepared by other attorneys. Thus, when the purchasers chose to have a title update done they relied on the accuracy of the attorney's prior title work for the property owners, id pp. 363-64, 373. Clearly this is related to the issue of foreseeability; the defendant attorney can be assumed to know the local customs of his profession. These factors indicating foreseeability of harm are not present here. Tackling v.Shinerman, 42 Conn. Sup. 517 (1993), also cited by the plaintiff, is not directly on point. There an action was brought against a real estate appraiser for personal injuries sustained by the plaintiff purchasers and their three minor children following the purchase of a residence containing lead paint. The appraisal did not alert the plaintiffs to the presence of lead paint poisoning. The court denied the defendant's motion for summary judgment concluding there was sufficient allegation of a duty owed by the defendant to the plaintiffs. In Tackling, however, HUD regulations required the appraisal and the plaintiffs stated they paid the defendant to do the appraisal. Furthermore, the HUD CT Page 5527 regulations made clear that the plaintiffs were members of that class of people meant to be protected by the regulations. Under these circumstances, there was certainly foreseeability and arguably a statutorily created duty or at least a protection created by federal law running to people like the plaintiffs about which it would be difficult for a professional appraiser to claim ignorance. Also, the well reasoned case of Simics v.Sharpe, CV90 033261S, 4 CONN. L. RPTR. 83 (Ansonia/Milford J.D.) (1991), is not helpful because the allegations of the complaint are not fully set forth. This court cannot therefore really determine the scope of the court's opinion on the foreseeability issue.
I will grant the motion to strike for the foregoing reasons. The complaint does not appropriately allege foreseeability of harm.
Statute of Limitations
I will not grant the motion on the statute of limitations defense. The pleadings have to be reviewed in a light most favorable to the plaintiff where the complaint is attacked. The defendant surmises about what the plaintiff should have discovered at the closing relative to the deficiencies in the certificate of title or as to the property being transferred, thus triggering the statute, invite the court to make conjectures outside the pleadings and turn this portion of the motion into a speaking demurrer. The parties have not agreed that the complaint contains all the facts necessary to resolve the statute of limitations issue, Morrisette v. Archambault, 31 Conn. Sup. 302
(1974), and it has been held that where there is no such agreement a demurrer can be used to test the statute of limitations only when the complaint anticipates the defense.Bombard v. Girard, 6 Conn. Cir. 596 (1971). That was not done here. It is really a fairness of pleading issue. Generally, matters in avoidance of the statute need not be pleaded in the complaint but only in response to such a defense which is properly raised as a special defense. Ross Realty Corp. v.Surkis, 163 Conn. 388 (1972), see Connecticut Practice, Moller R. Horton, Commentary to P.B. § 164 at p. 339.
Here the statute provides no action against an attorney in connection with a title search "shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been CT Page 5528 discovered, except that no such action may be brought more than ten years from the date of such delivery" (of the certificate of title). C.G.S. § 52-584b. Given this statutory language the plaintiff should be allowed to reply to a special defense raising the limitations issue rather than be confined to his complaint in seeking to rebut the defense. Therefore, the court concludes that if the plaintiff repleads his complaint in light of the ruling on the motion to strike, a new motion to strike should not be permitted to raise a statute of limitations claim if any new complaint does not, as this one does not, explicitly raise a statute of limitations defense.
However, for the reasons previously stated the motion to strike is granted on the grounds previously mentioned.
CORRADINO, J.