[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION 
On March 31, 1999, M E Land Group (M E) and Robert H. Hall, filed an amended complaint against the defendant, Kasper Associates, Inc., d/b/a Kasper-Ryan Associates, Inc. (Kasper), seeking an order to discharge a mortgage held by Kasper on property owned by M E.
The amended complaint alleges the following facts. M E is the owner of property located in Newtown, Connecticut (the property). The property is encumbered by a mortgage in the amount of $7000, made on November 7, 1983 by the original owners of the property, Aaron L. Bernstein and Doris D. Bernstein, in favor of Kasper. "[S]aid mortgage was payable two years from date or upon the sale of said property by" the original owners.
In April, 1987, the original owners conveyed the property to Roland L. Roehrich and Jeanine A. Koon. On May 15, 1998, M E acquired the property. In connection with the May 15 sale, Hall agreed to indemnify and hold an insurance company harmless in exchange for a policy of title insurance insuring the property CT Page 14353 against any claims or damages arising from the mortgage.
The plaintiffs allege that the time set forth in the mortgage for the performance of its conditions has expired. The plaintiffs farther allege that neither M E nor its predecessor in title, Roehrich and Koon, made any payments on the mortgage or performed any act to recognize the validity of the mortgage. The plaintiffs seek, among other relief, an order pursuant to § 49-8 and 49-13
of the General Statutes declaring the mortgage invalid and discharged as to them.
On May 11, 1999, Kasper filed a "counter-complaint" against Hall seeking damages based upon the debt allegedly owed on the mortgage. Kasper alleges that Hall represented Roehrich and Koon in the purchase of the property from the original owners and was negligent in failing to discover its mortgage. Kasper farther alleges that because of Hall's negligence it was not notified of the original owner's sale of the property and was unable to collect its debt.
On June 10, 1999, the plaintiffs filed a motion to strike the "counter-complaint" on the ground that Kasper cannot maintain a cause of action for negligence against Hall because Hall did not owe a legal duty to Kasper by virtue of his representation of Roehrich and Koon. On July 1, 1999, Kasper fried an objection to the plaintiffs' motion to strike.
"A motion to strike tests the legal sufficiency of a cause of action and may properly be used to challenge the sufficiency of a counterclaim." Fairfield Lease Corp. v. Romano's Auto Service,4 Conn. App. 495, 496 (1985). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Faulknerv. United Technologies Corp. , 240 Conn. 576, 580 (1997).
The plaintiffs argue that the "counter-complaint": (1) fails to allege facts establishing an attorney-client relationship between Hall and Kasper; (2) fails to allege a relationship between Hall and Kasper which would cause Kasper to be a foreseeable beneficiary of the legal services Hall provided to Roehrich and Koon; and (3) fails to establish that Hall owed any duty to Kasper. CT Page 14354
In its objection, Kasper submits that there was never any attorney-client relationship between it and Hall. It argues, however, that it was the beneficiary of Hall's legal services to Roehrich and Koon because if Hall had not been negligent it would have been paid its debt on the mortgage. Kasper farther argues that it was the beneficiary of Hall's services because the main purpose of a title search is to discover whether any liens exist on the property so that these liens can be paid or released. Lastly, Kasper argues that it would be against public policy to permit it not to be paid because of Hall's purported negligence.
"The essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury." RK Constructors, Inc. v. Fusco Corp. ,231 Conn. 381, 384 (1994). "The existence of a duty is a question of law and only if such a duty is found to exist does the trier of fact then determine whether the defendant violated that duty in the particular situation at hand." (Citations omitted; internal quotation marks omitted; brackets omitted.) Petriello v. Kalman,215 Conn. 377, 382-83 (1990). "If a court determines, as a matter of law, that a defendant owes no duty to a plaintiff, the plaintiff cannot recover in negligence from the defendant" RKConstructors, Inc. v. Fusco Corp. , supra.
"As a general rule, attorneys are not liable to persons other than their clients for the negligent rendering of services. . . . [A]n exception to this general rule [is] when the plaintiff can demonstrate that he or she was the intended or foreseeable beneficiary of the attorney's services. . . . Determining when attorneys should be held liable to parties with whom they are not in privity is a question of public policy. . . . In addressing this issue, courts have looked principally to whether the primary or direct purpose of the transaction was to benefit the third party." (Citations omitted.) Krawczyk v. Stingle, 208 Conn. 239,244-45 (1988).
The only situation under which an attorney has been held liable for negligence to a non-client is where a plaintiff has shown he or she was an intended beneficiary of a negligently drafted will. See Stowe v. Smith, 184 Conn. 194 (1981). Several judges of the superior court have declined to hold an attorney liable to a non-client for the alleged negligent performance of a title search. See Najda v. Sheiman, Superior Court, judicial district of Milford, Docket No. 52292 (September 6, 1996, Corradino, J.) CT Page 14355 (17 Conn. L. Rptr. 535); Kuhns v. Jacobson, Brown, Tillinghast, Superior Court, judicial district of Litchfield, Docket No. 64249 (February 8, 1995, Pickett, J.) (13 Conn. L. Rptr. 442).
The "counter-complaint" fails to set forth an exception to the general rule that attorneys are not liable to persons other than their clients for the negligent rendering of legal services. Kasper has alleged no facts establishing that it was an intended or foreseeable beneficiary of the legal services Hall provided to Roehrich and Koon. It has not alleged that there was any agreement or understanding that Hall was to provide legal services for anyone other than his own clients.
Kasper's argument, that it was a beneficiary of Hall's actions because it would have been paid if Hall had not been negligent, is merely conclusory. Kasper asserts that it was harmed by Hall's actions. It has failed to allege any facts indicating that Hall's services were intended by Hall or his clients to benefit Kasper or that Hall or his clients should have foreseen Kasper would benefit from Hall's performance of the title search. The "counter-complaint" fails to set forth any facts establishing that Hall owed a duty to Kasper respecting his performance of legal services for Roehrich and Koon.
During oral argument, Kasper argued that Hall is liable to it, not as an attorney, but in the capacity of a title searcher. Kasper argued that a title searcher is liable to third parties with whom he is not in privity, including any successive buyers of the property. In support of this argument, Kasper cited the cases of Coburn v. Lenox Homes, Inc., 173 Conn. 567 (1977), on appeal after remand, 186 Conn. 370 (1982); Zapata v. Burns,207 Conn. 496 (1988); and Tackling v. Shinerman, 42 Conn. Sup. 517
(1993). In Coburn v. Lenox Homes, Inc., supra, 575, the court held that a negligent builder or contractor may be liable to all those who may foreseeably be injured by his work, not just those with whom the builder or contractor has a contractual relationship. In Zapata v. Burns, supra, 516-17, the court recognized that the same negligence standard applies to architects and engineers. In Tackling v. Shinerman, supra, 522, the court applied the same logic to the appraiser of a residence.
In all of these cases, the key factor in determining whether liability should have been extended in favor of the third parties was whether the professional could be found to have foreseen the injury caused by his negligence. Moreover, Tackling is CT Page 14356 distinguishable, most notably, in that the plaintiffs actually paid for the appraiser's services. Just as Kasper has failed to allege that it was a foreseeable or intended beneficiary of Hall's services; it has failed to allege any facts establishing that Hall had any reason to foresee that Kasper would be harmed as a result of his negligence in performing the title search. Thus, based on the facts alleged in the "counter-complaint," liability cannot be imposed against Hall in favor of Kasper.
The motion to strike is, accordingly, granted.
Moraghan, J.