[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (#124.01)
Before the court is a motion for summary judgment. The defendant argues that it did not owe a duty to the plaintiffs for an appraisal of the plaintiffs' property prior to a sale to a municipality.
The revised complaint alleges that George Cooke and Coag Farm, Inc., the plaintiffs, were owners of property located in Wallingford. Sometime in April 1998, the plaintiffs began to negotiate a sale of the property to Wallingford. Part of the procedure for a sale of land to Wallingford included an appraisal by an appraiser hired by Wallingford.
Wallingford hired Donald J. Nitz Associates, Inc., the defendant, to perform the appraisal. The plaintiffs allege that this appraisal was done negligently because comparable sales in the area were for $33,000 per acre while the defendant allegedly appraised the plaintiffs' property at $12,500 per acre.
The plaintiffs filed the present lawsuit on March 28, 2000. On May 14, 2002, the defendant filed permission to seek summary judgment which was granted on July 10, 2002, by the court, Arnold, J. In its motion and its argument on August 9, 2002, the defendant argued that it owed no duty to the plaintiffs.
 DISCUSSION
Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49; Miles v. Foley,253 Conn. 381, 385-86, 752 A.2d 503 (2000). In the present case, the defendant claims that it is entitled to judgment as a matter of law because it owed no duty to the plaintiffs.[1] It bases its argument on CT Page 12844 the fact that it was hired by Wallingford and not the plaintiffs, that the plaintiffs could have hired another appraiser if they disagreed with the appraisal and that the appraisal was Wallingford's property.
"Duty is a legal conclusion about relationships between individuals, made after the fact, and imperative to a negligence cause of action. The nature of the duty, and the specific persons to whom it is owed, are determined by the circumstances surrounding the conduct of the individual. . . . Although it has been said that no universal test for [duty] ever has been formulated . . . our threshold inquiry has always been whether the specific harm alleged by the plaintiff was foreseeable to the defendant. The ultimate test of the existence of the duty to use care is found in the foreseeability that harm may result if it is not exercised." (Citations omitted; internal quotation marks omitted.) Perodeau v.Hartford, 259 Conn. 729, 754, 792 A.2d 752 (2002). "A simple conclusion that the harm to the plaintiff was foreseeable, however, cannot by itself mandate a determination that a legal duty exists. Many harms are quite literally foreseeable, yet for pragmatic reasons, no recovery is allowed. . . . A further inquiry must be made, for we recognize that duty is not sacrosanct in itself, but is only an expression of the sum total of those considerations of policy which lead the law to say that the plaintiff is entitled to protection. . . . While it may seem that there should be a remedy for every wrong, this is an ideal limited perforce by the realities of this world. Every injury has ramifying consequences, like the ripplings of the waters, without end. The problem for the law is to limit the legal consequences of wrongs to a controllable degree. . . . The final step in the duty inquiry, then, is to make a determination of the fundamental policy of the law, as to whether the defendant's responsibility should extend to such results." (Citations omitted; internal quotation marks omitted.) Id., 756.
The appellate courts of Connecticut have yet to decide whether an appraiser may have a duty to third parties. One case, in the Superior Court, however, has discussed the issue. Judge Teller; in Tackling v.Shinerman, 42 Conn. Sup. 517, 520, 630 A.2d 1381 (1993);[2] looked toCoburn v. Lenox Homes, Inc., 173 Conn. 567, 378 A.2d 599 (1977). InCoburn, a case concerning a defectively built home, the Supreme Court held that "[t]here is no sound reason why he [the purchaser] should be prevented from recovering for property damage or personal injury merely because he is not in privity with the builder or contractor responsible for such work. We therefore hold that a builder or contractor may be liable for injuries or damage caused by his negligence to persons with whom he has no contractual relation and even though his work is completed and accepted by the owner before the injuries or damage occurred." (Internal quotation marks omitted.) Id., 575. The Supreme Court rejected CT Page 12845 privity as a requirement for liability, but firmly required foreseeability. Id. Tackling also looked to Zapata v. Burns, 207 Conn. 496,542 A.2d 700 (1988), which extended this liability of third party injury to architects and engineers. Id., 516-17. "Furthermore, such liability, regardless of privity, has been extended to attorneys; Krawczyk v.Stingle, 208 Conn. 239, 543 A.2d 733 (1988); to accountants; Twin Mfg.Co. v. Blum, Shapiro Co., 42 Conn. Sup. 119, 602 A.2d 1079 (1991); and to surveyors; Simics v. Sharpe, Superior Court, judicial district of Ansonia-Milford, Docket No. 33261 (May 13, 1991)." Tackling v.Shinerman, supra, 521. Tackling also looked to other courts that "have held appraisers liable to third parties. See Larsen v. United FederalSavings Loan Assn., 300 N.W.2d 281 (Iowa 1981); Stotlar v. Hester,92 N.M. 26, 582 P.2d 403 (1978); but see Gay v. Broder, 109 Cal.App.3d 66,167 Cal.Rptr. 123 (1980)." Id., 522. Larsen and Stotlar both based their conclusion on the fact that their respective courts had expanded third-party liability in other professions.
This analysis is persuasive. Given the holdings in Coburn and Zapata, and the persuasive authority from other states, this court adopts this test by applying foreseeability and not requiring privity.
At argument, the facts that the defendant highlighted that it maintained showed no duty were essentially arguments that the defendant and the plaintiffs were not in privity with each other. Whether the plaintiffs hired the defendant, were able to hire another appraiser or that the appraisal was the town's property are all arguments which assert privity without invoking the magic word.
As for whether the injury is foreseeable, this court concludes it is. In the present case, the defendant made the appraisal knowing that the plaintiffs wished to sell the property to Wallingford. It would be foreseeable that an appraiser who conducted its appraisal for a sale in a negligent fashion might cause financial harm to the owner of the appraised property. Whether such duty has been breached remains a question of fact for the trier.
As for the public policy, the defendant has not pointed to any sound policy reason that an appraiser should not be held liable when its negligent appraisal has caused foreseeable financial injury to the owner of the property. The cases that the defendant cites; First FederalSavings and Loan Assn. of Rochester v. Charter Appraisal Co.,247 Conn. 597, 724 A.2d 497 (1999) and Tuthill Finance v. Greenlaw,61 Conn. App. 1, 762 A.2d 494 (2000); are inapposite because liability was found. Those cases only limited damages. Coburn and Zapata, moreover, demonstrate that there is no sound policy reason not to hold CT Page 12846 professionals liable to foreseeable third parties. Accordingly, the defendant has failed to demonstrate that it is owed judgment as a matter of law because it has failed to demonstrate that it did not owe a duty to the plaintiffs.
The motion for summary judgment is denied.
Joseph A. Licari Jr., Judge