[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The above-captioned case comes before this court on the issue whether a plaintiff who claims that a lawyer's performance was deficient may sue in separate counts alleging tort and breach of contract.
Defendants Frank S. Marcucci and Cohen and Acampora have moved to strike the sixth count of the complaint on the ground that it duplicates the claim made in the fifth count of the CT Page 3579 complaint, in which the plaintiff claims professional negligence.
In order to define the issue accurately, it is useful to set forth clearly the allegations of the counts that the defendants claim are duplicative. In the third, fourth, and fifth counts, which the plaintiffs characterize as negligence counts, the plaintiffs allege at paragraph 10 that Rose Fontanella, on behalf of herself and her son, plaintiff Michael Fontanella, "retained the defendant to investigate and pursue a products liability action against the manufacturer and seller" of a pickup truck in which Michael Fontanella suffered head injuries. At paragraph 11, the plaintiffs allege that defendant Marcucci "accepted the employment and was obliged to exercise care, skill and diligence in the discharge of his responsibilities pursuant to the legal enterprise described above [i.e., investigating and pursuing a products liability action.] At paragraph 21 of the fourth count, the plaintiffs allege that Attorney Marcucci was an agent of the defendant law firm, Cohen Acampora.
In the negligence counts the plaintiffs allege that Attorney Marcucci breached the duty of care he owed to the plaintiffs in four specific ways, enumerated at paragraph 16(a)-(d) of the third count and incorporated by reference into the fourth and fifth counts: failure "to conduct a reasonable investigation" and "preserve evidence of . . . seat belt failure;" failure to "take possession of the vehicle in question so as to preserve the evidence . . .;" failure to advise Rose Fontanella that the truck had to be preserved for purposes of investigation of the claim of a product defect; and failure to warn her against assigning title to the vehicle prior to investigation of the claimed seat belt failure.
In the sixth count of the complaint, to which the motion to strike is addressed, the plaintiffs incorporate by reference the allegations of the third and fourth counts and add, as a new allegation:
 24. The defendant Frank S. Marcucci and Cohen 
Acampora breached the agreement they had entered into with the plaintiff Rose Fontanella in one or more of the following ways: [the plaintiffs list as subsections a-d exactly the same allegations of failure to preserve and inspect evidence and of failure to warn the client not to relinquish the vehicle before investigation as they set forth in the third count at paragraph 16(a)-(d).] CT Page 3580
The sixth count thus alleges the existence of a contract to undertake investigation and pursuit of a product liability claim and to preserve evidence in furtherance of these activities and a breach of that contract.
Standard
The function of a motion to strike is to test the legal sufficiency of a pleading. Practice Book § 152; Ferryman v.Groton, 212 Conn. 138, 142 (1989). If any facts provable under the express and implied allegations in the plaintiffs' complaint support a cause of action, the complaint is not vulnerable to a motion to strike. Sassone v. Lepore, 226 Conn. 773, 780 (1993);Bouchard v. People's Bank, 219 Conn. 465. 471 (1991); Senior v.Hope, 156 Conn. 92, 97-98 (1968).
Tort v. Contract
The defendants take the position that the plaintiff may not assert claims of breach of contract and negligence arising from the same facts in a case concerning the performance of an attorney. They note that the Supreme Court in Barnes v. Schlein,192 Conn. 732, 735-36 (1984), a medical malpractice action, ruled that where a "fair reading of the complaint reveals that the gravamen of the suit was the alleged failure by the defendant to exercise the requisite standard of care" without an allegation of any agreement other than the duty to do the assigned work in accordance with that standard, the action is one for negligence. In that case, however, the issue was not whether a plaintiff could sue both in tort and in contract, and the Supreme Court made no mention of multiple counts nor of the viability of any contract claim after the negligence claim was disposed of on a motion for summary judgment involving the statute of limitations.
The defendants read Barnes v. Schlein as holding that a plaintiff may not plead both negligence and breach of contract in connection with claimed deficiencies in an attorney's performance of services. In fact, the case does not so hold; rather, the court in that case found only that where a plaintiff pled only in tort, the statute of limitations applicable to torts applied. The Court ruled that the statute of limitations for contract claims did not apply in that case because the plaintiff had not alleged breach of contract: "[the plaintiff's] complaint is absolutely barren of any allegations that the defendant breached any CT Page 3581 contractual duty with her." Barnes v. Schlein, 192 Conn. 736. When the Court in Barnes v. Schlein cited a case, Camposano v.Claiborn, 2 Conn. Cir. Ct. 135 (1963), in which a plaintiff had pled, in addition to negligence, a contract to achieve a specific result, the Supreme Court did not decide that only that variety of contract claim may be asserted in addition to a negligence claim.
The Supreme Court has ruled that
 [u]nless a particular conflict between the rules of contract and tort requires otherwise, a plaintiff may choose to proceed in contract, tort, or both. Stowe v. Smith, 184 Conn. 194, 199 (1981); Watrous v. Sinoway, 135 Conn. 425, 426 (1949).
In Stowe, the claim was that an attorney had failed to prepare a will according to a testator's instructions. The Court ruled that this claim could be asserted both as a breach of contract and as a negligence claim.
Contrary to the defendants' position, the Supreme Court has not held that a negligence action is the exclusive cause of action by which a claim concerning the performance of legal services by a lawyer can be raised, nor has it limited the right to claim in contract to situations in which the contract is a guarantee of a particular result.
The Appellate Court has ruled that claims against attorneys, like claims against physicians, may be pled both in tort and in contract. Mac's Car City, Inc. v. DeNigris, 18 Conn. App. 525,530 (1989). That court has explicitly rejected the proposition that all claims against attorneys must necessarily be construed as tort claims. id.
The defendants have cited several trial court rulings striking contract claims in professional malpractice actions, including Claar v. Shasha, Docket No. 92-44942 (J.D. Windham at Putnam, Sept. 16, 1994); and Malone v. Caldwell, Docket No. 391436 (J.D. Hartford at Hartford, April 2, 1992). In neither of these rulings is Stowe v. Smith, supra, nor Mac's Car City, Inc.v. DeNigris, supra, cited, and it appears that that authority was not called to the attention of the trial courts in those cases.
This court finds that plaintiff Rose Fontanella has stated a CT Page 3582 cause of action in contract and that her pursuit of a claim sounding in tort does preclude pursuit of the contract claim as well.
Conclusion
The motion to strike the sixth count of the complaint is denied.
Beverly J. Hodgson Judge of the Superior Court