[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE #124
On July 27, 1992, the plaintiff, Aetna Casualty Surety Co. (Aetna), made payment to its insured, Combined Health Appeal For Business and Industry, Inc. (CHA), pursuant to a fidelity bond. Aetna paid CHA after it was determined that a CHA employee, Stephanie Sampson, the CHA director of finance, had misappropriated funds in excess of four hundred thousand dollars.
On May 3, 1995, Aetna, exercising its rights of subrogation and assignment, brought suit against the defendant, Price Waterhouse LLP (Price) for negligence and breach of contract. On February 26, 1996, Aetna filed an amended three-count complaint which is the operative complaint. The three-count complaint consists of one count in negligence and an expansion of the previous breach of contract count into two separate counts. Prior to the plaintiff filing an amended complaint, the defendant filed a motion for a summary judgment. The court (Thim, J.) denied the motion for summary judgment because the plaintiff's motion to amend the complaint had not yet been acted upon and noted that the defendant could file a motion to strike.
On April 29, 1997, Price moved to strike all three counts of CT Page 6792 the amended complaint. Aetna filed an objection and accompanying memorandum on June 5, 1997. Price responded with a reply memorandum dated June 25, 1997. Short calendar argument was heard on April 20, 1998.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. . . . If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Citations omitted; internal quotation marks omitted.) Faulkner v. United Technologies Corporation,240 Conn. 576, 580, 693 A.2d 293 (1997).
 FIRST COUNT
In the first count, Aetna alleges that Price was negligent as a result of failing to discover the misappropriation of funds, failing to detect a series of fraudulent checks drawn on the account of CHA, failing to adequately review CHA's internal controls and failing to notify CHA of any irregularities to prevent further misappropriation. Price moves to strike this count on the ground that the negligence claim is barred by the statute of limitations. Price argues that as the last act of embezzlement occurred in April of 1992, the plaintiff had until April of 1995 to file an action and thus the present action, filed in May of 1995, is untimely. Furthermore, Price argues that the motion to strike based on statute of limitations is appropriate as all relevant facts are present in the complaint and the plaintiff has anticipated a motion to strike.
Aetna objects to the motion to strike and argues that a statute of limitations argument should be pleaded as a special defense and not as a motion to strike. Even if the statute of limitations argument is appropriate on a motion to strike, Aetna argues that the motion to strike should be denied as it has pleaded a continuing course of conduct on the part of the defendant and thus has tolled the statute of limitations.[1]
The statute of limitations issue cannot be addressed in the present motion to strike and thus Price's motion to strike the first count will be denied. CT Page 6793
"A claim that an action is barred by . . . the statute of limitations must be pleaded as a special defense, not raised by a motion to strike." Girard v. Weiss, 43 Conn. App. 397, 415,682 A.2d 1078, cert. denied, 239 Conn. 946, 686 A.2d 121 (1996). There is an exception to this rule "if all of the facts pertinent to the statute of limitations are pleaded in the complaint and the parties agree that they are true, or if a statute creating the cause of action on which the plaintiff relies fixes the time within which the cause of action must be asserted." Id.
Price argues that all the pertinent facts are pleaded in the complaint. Price argues that it is evident from the complaint that the last act of embezzlement occurred in April 1992 and thus Price can invoke the first exception to the general rule stated by the court in Girard v. Weiss, supra, 43 Conn. App. 415. Specifically, Price argues that since the last act of embezzlement occurred in April, there were no other acts that could have incurred the duty of Price. Thus, Price argues that the April 1992 date is the factual cornerstone on which the complaint revolves and, as a result, a statute of limitations claim on a motion to strike is possible.
While the April 1992 date may be the date of the last act of embezzlement, both parties have not agreed that this is the pertinent date as which the statute of limitations might run. The complaint, for instance, alleges that Price was negligent in failing to discover the misappropriation of funds. Common logic dictates that the chance to discover such a misappropriation must come after the act of misappropriation occurs. The complaint, however, does not state such facts as the schedule on which Price was to perform the accounting or even when the final accounting did occur. Thus, all facts relevant to a statute of limitations issue are not pleaded and, therefore, a statute of limitations claim should not be able to be raised on the present motion to strike.
In the alternative, Price argues that Aetna has anticipated a defense based on the statute of limitations issue and thus the present motion to strike is procedurally valid. In support of this proposition Price cites Bombard v. Girard, 6 Conn. Cir. 596, 597, 281 A.2d 249 (1971) ("[i]f the complaint purports to anticipate such a plea and to overcome its effect by appropriate allegations, it is permissible to raise the issue or the statute by a [motion to strike]"). At least one court, however, has stated that the Bombard decision does not create a third CT Page 6794 exception to the general rule of Girard v. Weiss, supra,43 Conn. 415, but rather restates the first exception that presupposes that all relevant facts are pleaded in the complaint. D'Agosta v.Johnson, Superior Court, judicial district of Litchfield, Docket No. 065717 (August 11, 1995) (Pickett, J.) The reasoning inD'Agosta v. Johnson, supra, Superior Court, Docket No. 065717 is persuasive and, therefore, the defendant Price's motion to strike the first count will be denied.
 SECOND THIRD COUNTS
Both the second and the third counts allege that Price breached its contract with CHA. In the second count, Aetna alleges that "[a]ccording to the terms of the contract, the defendant was required to plan and perform the audit so as to provide CHA with reasonable assurances that the financial statements were free from material misstatements," and breached the contract by failing to include in its reports any indication of the misappropriation of funds. (Amended Complaint, Second Count, ¶¶ 13-14, 16.) In the third count Aetna alleges that according to the contract, "the defendant was to evaluate the system of internal accounting controls of CHA and make recommendations for the improvement of internal accounting controls and operating procedures," and breached the contract when Price allegedly failed to prevent the underlying misappropriation. (Amended Complaint, Third Count, ¶¶ 13-14.)
Price moves to strike both of these counts on the ground that they fail to state claims for which relief may be granted. Price argues that the second and third counts do not state valid contract claims, but merely reallege the first count which sounds in negligence. According to Price, the second and third counts of the complaint do not allege specific contractual promises made by Price, but rather use the existence of a contract to reallege the standard of care applicable to accountants in general. In support of this argument, Price cites to the standard of care as announced by the American Institute of Certified Public Accountants (AICPA).
Aetna objects to the motion to strike and argues that when construed in a manner most favorable to the plaintiff, the second and third counts state a cause of action based on breach of contract. Accordingly, Aetna argues that the second and third counts are proper and the motion to strike should be denied.[2]
CT Page 6795
The motion to strike will be denied. Several courts have addressed contract claims in malpractice cases in addition to the traditional tort claim. Bria v. St. Joseph's Hospital,153 Conn. 626, 632, 220 A.2d 29 (1966) (a physician may be subject to a claim for breach of contract arising from an agreement to perform professional services); Mac's Car City, Inc. v. DeNigris,18 Conn. App. 525, 530, 559 A.2d 712, cert. denied, 212 Conn. 807
(1989) (an attorney may be subject to a breach of contract claim). See also Arnold v. Weinstein, Schwartz Pinkus, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 5333312, 16 Conn. L. Rptr. 196 (February 13, 1996) (Aurigemma, J.) (breach of contract claim against accountant; motion for summary judgment denied as there are issues of fact as to the nature and existence of a contract).
There is, however, a split of authority regarding the relationship between malpractice and breach of contract. One line of cases holds that "[t]o be separate from a malpractice claim, the plaintiff must allege that the defendant . . . assured or warranted a specific result as opposed to a situation where the doctor makes a generalized statement that the result will be good." Picarazzi v. Fichera, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 306212, 13 Conn. L. Rptr. 196
(December 12, 1994) (Maiocco, J.). See also Tumeniuk v. Chastanet, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 045308, 14 Conn. L. Rptr. 186 (May 19, 1995) (Skolnick, J.). "By requiring a special agreement, these cases eliminate those cases where the plaintiff has merely alleged that the defendant impliedly agreed to meet the requisite standard of care, or, in essence, impliedly agreed not to commit malpractice. . . ." (Citations omitted; internal quotation marks omitted.) Picarazzi v. Fichera, supra, Superior Court, Docket No. 306212.
The other line of cases, holding that a breach of contract claim is entirely separate from malpractice, supports the proposition that there is no need for a special agreement and thus the plaintiff can pursue claims in tort as well as claims arising in breach of contract. See Fontanella v. Chrysler Corp. , Superior Court, judicial district of New Haven at New Haven, Docket No. 364764, 16 Conn. L. Rptr. 489 (April 18 1996) (Hodgson, J.) ("the Supreme Court has not held that a negligence action is the exclusive cause of action by which a claim concerning the performance of legal services by a lawyer can be raised, nor has it limited the right to claim in contract to situations in which the contract is a guarantee of a particular result"). CT Page 6796
While the former line of cases is better reasoned and more persuasive, nonetheless, that based on the allegations of the complaint, the motion to strike will be denied. Aetna has sufficiently alleged that Price contractually promised specific results and thus the motion to strike is inappropriate.
Price, however, argues that the alleged promised result is merely to meet the standard of care promulgated by AICPA. As such, Price argues that there is not any contractual promise as to a specific result. The court cannot refer to the AICPA standard, supplied by the defendant, to compare whether the allegations of the contractual breach merely reiterate the standards set therein. Such a referral would take into consideration facts outside the scope of the allegations and would constitute an impermissible "speaking" motion. Doe v. Marselle,38 Conn. App. 360, 364, 660 A.2d 871 (1995) ("we are limited, however, to a consideration of the facts alleged in the complaint. A `speaking' motion to strike (one imparting facts outside the pleadings) will not be granted"). Moreover, though Connecticut courts have addressed the standard duty of accountants to third parties who may rely on the accounting; see Twin Mfg. Co. v. Blum, Shapiro Co., 42 Conn. Sup. 119, 120, 602 A.2d 1079,6 Conn. L. Rptr. 53 (1991); there is no caselaw which explicitly states the standard of care owed by accountants to their clients that would be helpful in interpreting whether the second and third counts sufficiently state breaches of contract or are but cleverly disguised repetitions of the first count.
Since the court must construe the complaint in a manner most favorable to the pleader, Aetna has alleged two separate causes of actions against the defendant Price: negligent malpractice and breach of contract. Therefore, the defendants motion to strike the second and third counts of the complaint will be denied.
For the foregoing reasons, the defendant's motion to strike the first, second and third counts of the amended complaint are denied.
Stodolink, J.