[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE
In his revised six count complaint against the defendants, Howard Miller, David L. DeVore, Jamie Miller and PriceWaterhouseCoopers, LLP, as the successor of Coopers 
Lybrand, LLP the plaintiff, Mario Facchini, alleges the following facts:
Prior to August 19, 1997, Mario Facchini owned fifty percent of the outstanding stock of a corporation known as Dynamic Metal Products Co., Inc. (Dynamic). in which he was also a Director. The defendant, Howard Miller, owned the remaining fifty percent of the outstanding stock and was also a Director of Dynamic.
In the spring of 1997, Facchini and Miller discussed the possible sale of Dynamic and/or the sale of plaintiff's interest in said company to the defendant Miller. At the time of negotiations, the defendant, David L. DeVore, was a member of Coopers Lybrand, which originally acted as the independent CT Page 1382 accountant for Dynamic and at some point was succeeded by the defendant, PriceWaterhouseCoopers, LLP. During negotiations, representations were made by Miller and DeVore, individually and on behalf of Coopers Lybrand, LLP, in regard to the financial status of Dynamic including the following: a. The annual financial statements of Dynamic that had been produced to date were accurate and needed no adjustments; b. That Dynamic continued to lose money; c. That Dynamic had little value; and d. That Dynamic was losing parts contracts in regard to Allison Engines.
In August of 1997, Facchini sold his outstanding stock to Howard Miller and the defendant Jamie Miller, Howard Miller's son. After the sale, Facchini received n a tax form which reflected that Dynamic had profits for 1997 of approximately Three Million Dollars and that the plaintiff's portion of same prorated to August, 1997, was approximately One Million Fifty Thousand Dollars.
Count one of the revised complaint alleges fraudulent misrepresentation and concealment against Miller, PriceWaterhouseCoopers, LLP, and Jamie Miller. Count two contains allegations of misrepresentation and aiding and abetting against DeVore. Count three alleges a negligent misrepresentation claim against DeVore and PriceWaterhouseCoopers, LLP. Count four alleges a breach of contract claim against DeVore and PriceWaterhouse Coopers, LLP. Count five alleges a breach of fiduciary duty against all of the defendants except Jamie Miller. Finally, count six alleges a violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq., against all of the defendants except Jamie Miller.
Two of the defendants, PriceWaterhouseCoopers, LLP, and DeVore, move to strike counts two, four, five and six of the plaintiff's revised complaint for failure to state a claim upon which relief can be granted.
 I
The defendants move to strike count two on the ground that the plaintiff fails to plead the necessary elements of scienter which is required in order to assert an aiding and abetting claim; that is "plaintiff must allege that the alleged aider or abettor not only gave substantial assistance to the tortfeasor to so conduct itself but also knew that the other's conduct constituted a CT Page 1383 breach of duty," quoting Dudrow v. Ernst Young, LLP, Superior Court, judicial district of Waterbury, Docket No. 144211 (November 4, 1998, Hodgson, J.) (23 Conn. L. Rptr. 225).) They contend that because the Count Two fails to allege that DeVore knowingly aided and abetted Miller in the commission of a tort, or to set forth facts that would support a finding of the necessary scienter, the claim must be stricken. Id.
The plaintiff claims that the Count Two not only states a legally sufficient claim for aiding and abetting liability but also a claim of direct liability for misrepresentation.
Our Supreme Court first recognized a common law claim for aiding and abetting a statutory violation or tort in Carney v.DeWees, 136 Conn. 256, 262, (1949). See also Connecticut NationalBank v. Giacomi, 242 Conn. 17, 63, (1998); Slicer v. Quigley,180 Conn. 252, 259, (1980) In order to assert an aiding and abetting claim "a person is liable if he . . . (b) knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other so to conduct itself. If the encouragement or assistance is a substantial factor in causing the resulting tort, the one giving it is himself a tortfeasor and is responsible for the consequences of the other's act." Carney v. DeWees, supra, 136 Conn. 262, quoting 2 Restatement (Second) Torts, Persons Acting in Concert § 876 (1965).
In Dudrow v. Ernst Young, LLP, supra, 23 Conn. L. Rptr. 229, the court struck a common law aiding and abetting claim because the plaintiffs failed to allege the scienter required under § 876 of the Restatement Second of Torts; that is that the aider assisted "the tortfeasor to commit what the aider knows to be a tort."
The plaintiff alleges in Count Two that Miller and DeVore made representations regarding the financial status of Dynamic, telling the plaintiff that the annual financial statements of Dynamic were accurate and needed no adjustments and that Dynamic was losing money and these statements were relied upon by plaintiff in selling his ownership interest in Dynamic. The plaintiff further alleges that the defendants "actively sought to conceal the true state of the financial affairs of Dynamic for the purpose of deceiving the plaintiff in regard to the true worth of Dynamic for purposes of completing the sale of his stock to the defendant Miller and Miller's son and that "the CT Page 1384 representations made by the defendants in regard to the financial status of Dynamic at and prior to the time of the sale of the plaintiff's interest to the defendant Miller and Miller's son were false and misleading and were designed to be false and misleading with the intent of having the plaintiff rely upon said representations. . . ."
It appears that the plaintiff has alleged sufficient facts which would, if proven, show that the defendants aided the tortfeasor to commit what they know to be a tort.
Furthermore Count Two contains sufficient allegations to support an additional cause of action for misrepresentation. Our rules of practice allow a plaintiff to allege in one count a series of facts which will support recovery on two or more theories. E. Stephenson, Connecticut Civil Procedure (2d Ed. 1970) § 116, p. 474. A motion to strike addressed to the count as a whole must be denied if any one theory is supported by the allegations. See National Broadcasting Co. v. Rose,24 Conn. Sup. 459, 460-61, (House, J.; Ahsan v. Olsen, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 314430 (November 9, 1987, Wagner, J.) (3 C.S.C.R. 55).
"The essential elements of an action in fraud . . . are: (1) that a false representation was made as a statement of fact; (2) that it was untrue and known to be untrue by the party making it; (3) that it was made to induce the other party to act on it; and (4) that the latter did so act on it to his injury." Maturo v.Gerard, 196 Conn. 584, 587, (1985). The plaintiff has set forth facts sufficient to maintain a claim for fraudulent misrepresentation.
Motion to strike Count Two is denied.
 II
The defendants, DeVore and PriceWaterhouseCoopers, LLP, move to strike count four of the plaintiff's revised complaint on the ground that it improperly alleges accounting malpractice as a breach of contract claim. They argue that the claim is "legally insufficient because it does no more than allege that the Defendants failed `to perform [their] accounting services in a proper and competent manner and fail to allege a contract or that the defendants assured or warranted a specific result. CT Page 1385
Several Superior Court decisions have held that a plaintiff cannot allege a breach of contract claim against an accountant absent an allegation that the accountant assured or warranted a specific result. See Aetna Casualty Surety v. Price Waterhouse,LLP, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 323277 (June 23, 1998, Stodolink, J.) (22 Conn. L. Rptr. 347) Arnold v. Weinstein, Schwartz Pinkus,
Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 533312 (February 13, 1996, Aurigemma, J.).
This court has previously aligned itself with those cases that have recognized that a breach of contract claim must allege that the defendant assured or warranted a specific result. See Malonev. Caldwell, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 391436 (April 20, 1992, Wagner,J.), citing Camposano v. Claiborn, 2 Conn. Cir. Ct. 135, 137, 196 A.2d 129 (1963).
Recently, in Rumbin v. Baez, 52 Conn. App. 487, 491, (1999), our Appellate Court held that a breach of contract claim between a physician and patient must allege a specific result, holding that since the plaintiff's complaint contained no allegation that the parties contracted for a specific result, the "claim is essentially a medical malpractice claim clothed in the language of a contract".
Since a breach of contract claim against an accountant must allege more than a failure to provide the requisite standard of care and must allege a contract or that the accountant assured or warranted a specific result count four is insufficient at law and the motion to strike count four is granted.
 III
The defendants move to strike count five of the plaintiff's revised complaint alleging breach of fiduciary duty on the basis that no such fiduciary duty exists since there was no client-accontant relationship between plaintiff and defendant accountants. The defendants point out the lack of any allegations to the effect that the plaintiff hired the defendants to represent his individual interests or that the defendants ever represented that they would act as the plaintiff's own accountants to protect his individual interests. The plaintiff cites numerous superior court decisions treating the existence of a fiduciary relationship as a question of fact and declining to CT Page 1386 determine the existence of a fiduciary relationship on a motion to strike.
In Dudrow v. Ernest Young, LLP, supra, 23 Conn. L. Rptr. 229. The court stated:
"The function of a motion to strike, however, is to determine whether a cause of action has been stated by the facts pleaded. . . . The issue . . . is not whether the facts prove a fiduciary relationship but whether the plaintiff has alleged facts which, if proved, would support the finding that one existed."
This view appears to be sound and accordingly this court may, on a motion to strike, determine whether the plaintiff has set forth sufficient facts to allege the existence of a fiduciary relationship.
The plaintiff in Count Five alleges that "[a]t all times relevant hereto, the defendant David L. DeVore . . . was a member of Coopers Lybrand, LLP . . ., now succeeded by PriceWaterhouseCoopers LLP . . ., which acted as the independent accountants for said corporation." Furthermore, the plaintiff alleges that "DeVore was a member of the accounting firm of C 
L, now succeeded by PWHC, and acted as the accountants for Dynamic."; that "The defendant DeVore and C L had contracted with Dynamic, Miller and the plaintiff to perform its accounting services in a proper and competent manner, fulfilling its responsibilities to the Board of Directors and to the corporation; that defendants intended the plaintiff to be a recipient of said information and should and could have foreseen that the plaintiff would utilize said information and rely upon same in regard to the value of the company. Finally, the plaintiff alleges that the "defendants were aware that the plaintiff relied upon them for financial information of Dynamic and the defendants had a fiduciary duty to the plaintiff to deal with the plaintiff at all times with the utmost good faith and undivided loyalty in regard to the true state of financial affairs at Dynamic."
In Count Five the plaintiff has failed to sufficiently allege the existence of a fiduciary relationship between himself and the defendants. In Gengras v. Coopers Lybrand, 1994 WL 133424 Conn. Super. (March 31, 1994 Espinosa, J.) relied on by the plaintiffs, where a similar motion to strike was denied, those plaintiffs CT Page 1387 alleged that they were clients of the defendant accountants. Even though the complaint must be read in the manner most favorable to sustaining its legal sufficiency, the plaintiff has failed to allege that he had some special relationship of that he was a client of the defendants but merely alleged reliance on financial information generated for Dynamic.
Motion to strike count five is granted.
 IV
Defendants move to strike Count six which alleges a violation of CUTPA on the ground that our Supreme Court has held that a CUTPA claim cannot be asserted for professional negligence, as distinguished from the entreprenurial or business aspects of the services, citing Beverly Hill Concepts. Inc. v. Schatz Schatz,
et al. 247 Conn. 48, 79 (1998); and Haynes v. Yale-New havenHospital, 243 Conn. 17, 34 (1997). But plaintiff does not rely on professional negligence in count six but on allegations that the defendants made representations that were "false and misleading and designed to be false and misleading with the intent of having the plaintiff rely upon said representaitons." Further plaintiff alleges that the defendants acted "in an immoral, oppressive, unethical, unscrupulous manner" causing "substantial injury to consumers, competitors and other businessmen."
Although there is a divergence of opinion among the various decisions in the Superior Court, this court concludes that these allegations if construed most favorably for the plaintiff, are sufficient to implicate the commercial or entrepreneural aspect of the practice of accounting by the defendants, particularly where the sale of a business interest is involved and fall within the statutory definition in General Statutes § 42-110b(a) of "unfair or deceptive acts or practices in the conduct of any trade or commerce." See Dudrow et al v. Ernst Yun LP et al,
supra 23 Conn. L. Rptr. No. 7, 225; Nacca v. Simone, Judicial District of New Haven, No. CV 96-0387221S (August 10, 1999 Devlin, J.)
Defendant's Motion to Strike Count Six is denied.
In summary, defendant's motion to strike Counts Four and Five is granted and their motion to strike Counts Two and Six is denied. CT Page 1388
Jerry Wagner Judge Trial Referee