GERALD BOMBARD *v.* ROLAND GIRARD

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 14-6810-38896

Argued May 3—decided June 25, 1971

*James A. Kane, Jr.,* of Hartford, for the appellant (plaintiff).

*David J. Harrigan,* of Hartford, for the appellee (defendant).

PER CURIAM. The writ and complaint dated October 9, 1968, alleged that while the plaintiff was operating his automobile in Hartford on or about December 22, 1967, it was negligently struck and damaged by a motor vehicle owned and operated by the defendant. The plaintiff claimed damages only for his vehicle. Subsequently, on February 6, 1969, the plaintiff's motion for leave to amend his complaint, by adding a claim for damages for personal injuries as well, was granted, and he filed an amendment to his complaint. To the complaint as amended, the defendant filed a motion that the plaintiff be required to separate the claims for property damage

and personal injuries into two distinct counts. The motion was granted, and the plaintiff filed a substituted complaint containing two counts, the first for property damage and the second for personal injuries sustained by him in the same accident, "on or about December 22, 1967." Thereupon, the defendant demurred to the second count for the reason that the cause therein stated did not accrue within one year next before the commencement of the action.[1] The demurrer was sustained by the court, and the plaintiff having failed to plead over, judgment was rendered for the defendant on the second count.

The rule and general practice is that the Statute of Limitations is taken advantage of by special defense interposed to the complaint, and not by demurrer. Practice Book § 120; *O'Connor* v. *Waterbury*, 69 Conn. 206, 210. In many situations, the mere passage of time is not an absolute defense, since there may be facts which will toll the Statute of Limitations. The dates alleged in the complaint are not usually regarded as material and, upon the trial, dates other than those alleged may be established. 1 Stephenson, Conn. Civ. Proc. (2d Ed.) § 117d; *Hitchcock* v. *Union & New Haven Trust Co.*, 134 Conn. 246, 248; *Bulkley* v. *Norwich & W. Ry. Co.*, 81 Conn. 284, 286.

While, as has been noted, the general rule is that the Statute of Limitations should be pleaded specially, if the complaint purports to anticipate such a plea and to overcome its effect by appropriate allegations, it is permissible to raise the issue of the statute by a demurrer. *Cole* v. *Hawley*, 95 Conn. 587,

---

[1] In 1969, the legislature increased the limitation period from one year to two years but made it "[e]ffective October 1, 1969, and applicable only to injuries first sustained on or after said date." General Statutes § 52-584.

594; see *Vilcinskas* v. *Sears, Roebuck & Co.,* 144 Conn. 170, 172; *Radezky* v. *Sargent & Co.,* 77 Conn. 110, 114; *O'Connor* v. *Waterbury,* supra, 210. Stated another way, "[t]he Statute of Limitations should not be passed upon by demurrer to the complaint unless matters in avoidance of it have been voluntarily inserted in the complaint." *National Broadcasting Co.* v. *Rose,* 24 Conn. Sup. 459, 460.

There were no matters set forth in the complaint even remotely suggesting the anticipation of a plea of the Statute of Limitations.

The demurrer to the second count should have been overruled by the court.

There is error, the judgment is set aside and the case is remanded to be proceeded with according to law.

CASALE, DEARINGTON and DiCENZO, Js., participated in this decision.