[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The defendant moves to strike the first count of the plaintiffs' complaint because: 1) the plaintiffs do not allege that the defendant had a duty to research and investigate the lending of money to the plaintiffs; 2) it is barred by the statute of limitations.
On October 29, 1991, the plaintiffs, Mike and Despina Harris, filed a two count amended complaint against the defendant, American National Bank. The first count sounds in negligence and the second count alleges a violation of the Connecticut Unfair Trade Practices Act ("CUTPA").
The plaintiffs allege the following facts in the amended complaint. On August 24, 1987, the plaintiffs purchased coins pursuant to a program in which the defendant loaned money to individuals to finance their purchase of supposedly rare, uncirculated coins. The coins were sold by Asset Services, Inc., which would solicit buyers through financial planners. The Coin and Currency Institute, Inc. provided documents purporting to be independent appraisals of the coins. The defendant took loan applications from each buyer and managed the closing of the sale. Although the buyer received a picture of the coins, the coins themselves remained in the defendant's possession as collateral until the loan was paid off.
The plaintiffs allege in the amended complaint that the investigation and research conducted by the defendant was incomplete, shortsighted, and CT Page 6615 negligent. Further, the plaintiffs allege that the defendant's Senior Loan Committee instructed officials of the defendant Bank to submit the coins to a local expert for independent appraisal prior to each sale. The defendant's officials failed to do so.
The plaintiffs allege that the loan was paid off in two years and on August 22, 1989, they took possession of the coins. At that time, the plaintiffs learned that the coins were worth a fraction of the purchase price and were not the quality of coins that had been represented to them.
The plaintiffs further allege in the amended complaint that the defendant knew for an undetermined period of time that the plaintiffs had been misled about the purchase. The plaintiffs allege that the defendant had a duty to disclose the truth about the coins and failed to do so.
The defendant filed a motion to strike the plaintiffs' amended complaint on November 12, 1991 on the grounds that "the claims asserted in such complaint are legally insufficient and are barred by the statute of limitations." (Defendant's Motion to Strike).
On March 31, 1992, the court, (Hennessey, J.), denied the defendant's motion to strike "as to count one, fiduciary duty being a question of fact reserved for the jury, and, as to count two, the type of activity alleged being consumer-oriented."
The defendant filed a motion for reconsideration on April 16, 1992, requesting that the court reconsider its ruling on the defendant's motion to strike as to the first count of the plaintiffs' amended complaint. The defendant argues that the court's decision was erroneous in that it based its denial of the motion to strike on the existence of sufficient facts to support a cause of action for breach of a fiduciary duty. The defendant argues that the first count alleges negligence and not the breach of a fiduciary duty.
This court agreed to reconsider its ruling on the motion to strike the first count of the plaintiffs' amended complaint. CT Page 6616
The function of a motion to strike is to challenge the legal sufficiency of the allegations as set forth in the pleadings. Ferryman v. Groton,212 Conn. 138, 142, 561 A.2d 432 (1989). The motion to strike "admits all facts well-pleaded." (Emphasis omitted). Mingachos v. CBS, Inc., 196 Conn. 91, 108,491 A.2d 368 (1985). Further, the court must construe the facts alleged in the complaint most favorably to the plaintiff. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 170, 544 A.2d 1185
(1988).
1. Duty to Investigate and Research
In its memorandum of law in support of the motion to strike, the defendant argues that the first count of the amended complaint fails to state a claim of negligence because the plaintiffs do not allege that the defendant had a duty to investigate and research the lending of money to borrowers. The defendant further argues that "in the ordinary commercial transaction, the normal lender/borrower relationship does not impose such a duty on the Bank." (Memorandum of Law in Support of American National Bank's Motion to Strike, p. 4). In addition, the defendant argues that the plaintiffs' negligence action is barred by the applicable statute of limitations.
The plaintiffs respond in their memorandum of law in opposition to the motion to strike, that, drawing all inferences in their favor, the plaintiffs sufficiently allege a duty on the part of the defendant to exercise due care. The plaintiffs also argue that the statute of limitations does not bar their negligence claim because the defendant was engaged in a continuing course of conduct.
"The existence of a duty of care is an essential element of negligence." Coburn v. Lenox Homes, Inc.,186 Conn. 370, 375, 441 A.2d 620 (1982).
 A duty to use care may arise from a contract, from a statute, or from circumstances under which a reasonable person, knowing what he knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result from his act or failure to act.
CT Page 6617
Id.
The plaintiffs have alleged that the defendant, in conjunction with other corporations, engaged in a program of lending money to individuals for the purpose of purchasing supposedly rare coins. The plaintiffs have alleged that the coins were held by the bank until the loan was paid off. The plaintiffs allege that the investigation of this program by the defendant was done negligently. The complaint alleges that the defendant's officials failed to conduct independent appraisals for each sale as instructed by the defendant's Senior Loan Committee.
Viewing these facts most favorably to the plaintiffs, the plaintiffs adequately allege circumstances under which a reasonable person would have anticipated that this type of harm was likely to result from the failure to act. We conclude therefore that the plaintiffs sufficiently allege that the defendant had a duty to use due care in investigating this program.
2. Statute of Limitations
The defendant also argues that the first count of the plaintiffs' amended complaint should be stricken because the negligence action is barred by the statute of limitations set forth in General Statutes 52-584.
"A statute of limitations defense must be specially pleaded. Practice Book 164." Mac's Car City, Inc. v. DeNigris, 18 Conn. App. 525, 528,559 A.2d 712, cert. denied, 212 Conn. 807, 563 A.2d 1356
(1989).
 Where a cause of action existed at common law, the time limit for bringing the action contained in a statute of limitations is procedural and not substantive, and therefore subject to waiver. A different rule exists where a statute gives a right of action which did not exist at common law, where the time limit is a limitation or condition attached to the right itself, in which case it can be raised by a motion to strike. Since a negligence claim is a CT Page 6618 common law cause of action, the statute of limitations cannot be raised by a motion to strike.
(Citations omitted). Verner v. Petrie,3 Conn. L. Rptr. 37, 38 (December 18, 1990, Fuller, J.).
 "Some cases have also recognized the right to file a motion to strike where the plaintiff, in framing the complaint in an action against which the statute of limitations has apparently run, states his whole case and alleges the facts considered sufficient to enable him to maintain his action even though the time limit of its commencement has expired."
(Citations omitted). Markiewicz v. Bajor,3 Conn. L. Rptr. 12, 13 (December 7, 1990, Fuller, J.). "[I]f the complaint purports to anticipate such a plea and to overcome its effect by appropriate allegations, it is permissible to raise the issue or the statute by a [motion to strike]." (Citations omitted). Bombard v. Girard, 6 Conn. Cir. 596, 597, 281 A.2d 249 (1971). If the complaint does not appear to anticipate such a defense, to allow "the defendant to raise the statute of limitations on a motion to strike prevents the plaintiff from alleging, in a reply to a special defense, matters which toll the effect of the statute of limitations." (Citations omitted). Markiewicz v. Bajor, supra.
The plaintiffs allege a claim of common law negligence. The complaint does not purport to anticipate the defense of the statute of limitations. To determine this issue upon a motion to strike would prevent the plaintiffs from asserting in response to a special defense of statute of limitations, continuing negligence on the part of the defendant or other facts which would toll the effect of the statute of limitations. We conclude that the issue of statute of limitations in this case is not properly raised by a motion to strike.
For the foregoing reasons, the defendant's motion to strike the first count of the plaintiffs' amended complaint is denied.
Mary R. Hennessey, Judge CT Page 6619