[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] AMENDED MEMORANDUM OF DECISION MOTION TO STRIKE
The plaintiff brings this complaint in eighteen counts against the defendants, Day, Berry Howard ("the Firm"), a CT Page 2989 general partnership engaged in the practice of law in Connecticut, and Martin Wolman and David J. Elliot, general partners of the Firm. The complaint concerns the alleged misconduct of the defendants throughout the duration of the parties relationship, which began when the plaintiff retained the Firm to represent him in opposition to a petition to appoint a conservatorship over his person and estate. Counts one, two and three allege breach of fiduciary duty against the Firm, Wolman and Elliot, respectively. Counts four, five and six allege negligent infliction of emotional distress against the Firm, Wolman and Elliot, respectively. Counts seven, eight and nine allege intentional infliction of emotional distress against the Firm, Wolman and Elliot, respectively. Count ten sets forth a claim against the Firm arising under the Connecticut Unfair Trade Practices Act (CUTPA). General Statutes §§ 42-110a et seq. Count eleven alleges actual fraud against the Firm. Counts twelve, thirteen and fourteen allege professional negligence on the part of the Firm, Wolman and Elliot, respectively. Finally, counts fifteen through eighteen allege breach of contract, negligent misrepresentation, invasion of privacy and defamation, respectively, which are all directed against the Firm. The defendants' separate motions to strike the second, fourth, fifth, sixth, seventh, eighth, ninth, tenth, eleventh, twelfth, thirteenth, fourteenth, sixteenth and seventeenth counts of the revised complaint, as well as the prayers for prejudgment interest and restitution, are presently before the court.
 I. FACTS
The pertinent facts as alleged in the complaint are as follows. The plaintiff, George Darlow was the subject of a conservatorship established in the Washington, Connecticut. Probate Court for approximately fifteen (15) years covering the period from September 11, 1978 through February 19, 1994. Darlow retained the law firm of Day, Berry Howard to oppose the petition to appoint a conservator of his person. The Firm assigned Martin Wolman to represent him in the Probate Court. The proceedings resulted in the appointment of a conservator on September 11, 1978. Throughout the fifteen years of the conservatorship, Wolman was Darlow's "counsel and advocate." (Revised Complaint, ¶ 14.) Because Darlow was unmarried, estranged from his siblings and child and had no family members living in Connecticut, he was particularly dependent on the defendants to protect "his best interests." (Id., ¶ 15.) Following the establishment of the conservatorship, Wolman caused CT Page 2990 Hartford National Bank Trust Company, and ultimately its successors in interest, Shawmut Bank, N.A. and Fleet Bank, N.A. (collectively, "the Bank") to be appointed as co-conservator on October 26, 1979. During the period of the conservatorship, and prior thereto, the Bank was an important and substantial client of the defendants. In the course of the conservatorship, the Bank earned "tens of thousands of dollars for its services" and paid the Firm "tens of thousands of dollars for legal services and expenses rendered to the plaintiff, all payments made from the conservatorship estate." (Id., ¶¶ 37-38.)
In 1981, "Wolman solicited Plaintiff to authorize his preparation of the plaintiff's last will and testament," caused the Bank to be appointed as executor, then supervised and witnessed the execution of the will. The Firm was paid for its services in connection with the preparation of the will. (Id., ¶¶ 42-47.) Notwithstanding the foregoing activities on April 14, 1997, David J. Elliot "represented to the Hartford Superior Court" that "at no time during the fifteen year period of the conservatorship did Day, Berry Howard represent the plaintiff or provide him with legal advice or assistance." (Id., ¶ 49.) From 1981 through 1997, the Firm concealed from him that "it did not represent him as his counsel in the preparation and execution of his will. (Id., ¶ 51.) Wolman refused funds for expenses to enable Darlow to retain counsel and expert reports in an effort to terminate the conservatorship. Wolman refused to take legal action himself to terminate the conservatorship all the while reassuring Darlow that he was his counsel and was protecting his best interests. (Id., ¶ 53-58.) Wolman's representations of "continuous legal representation by the Firm" induced Darlow to "continue to share confidential and/or privileged information with the Firm." (Id., ¶ 60.) The defendants "assumed a position adverse to Darlow with respect to the termination of the conservatorship" even though Darlow was "fit and competent to manage his own affairs." (Id., ¶¶ 65, 74-76.) The plaintiff's estate was charged the expenses of the Firm, the additional medical experts, and the Bank to oppose the termination of the conservatorship. A former probate judge who appeared as a witness in the termination proceedings commented that there was an extravagant wrong done to the plaintiff,"an outrage" which he found to be "shocking." (Id., ¶ 79.) The plaintiff was "harmed by the needless continuation of the conservatorship by the acts or omissions of the Firm." (Id., ¶ 84.)
In May 1995, Darlow commenced a lawsuit against the Bank for CT Page 2991 negligent mismanagement ("mismanagement action"). The Firm, through Elliot, represented the Bank in the mismanagement action. (Id., ¶ 86.) The defendants were potential interest and violated "the confidences and privileged information exchanged between the plaintiff and the Firm during the conservatorship" as well as "implicit assurances" that confidential information would not be disclosed to parties adverse to the plaintiff. (Id., ¶¶ 87-90.) The Firm violated Darlow's trust and confidence by representing the Bank in the mismanagement action and denied the plaintiff access to its files concerning its representation of him during the conservatorship period. (Id. ¶¶ 92-94.) The Firm "failed and refused, and, as of the commencement of this action, continues to fail and refuse to disqualify itself or otherwise withdraw from its representation adverse to the plaintiff." (Id., ¶ 95.) By continuing its representation of the Bank in a proceeding adverse to him, the Firm continues to violate its "sacred trust" and continuing duty to preserve the "confidences" and other "continuing duties and obligations" owed to the plaintiff (Id., ¶¶ 96-97.)
In separate motions, the defendants move to strike the second, fourth, fifth, sixth, seventh, eighth, ninth, tenth, eleventh, twelfth, sixteenth and seventeenth counts of the revised complaint on the ground that the allegations contained in these counts fall outside the applicable statutes of limitations periods and thereby fail to state a claim upon which relief may be granted. The Firm, Wolman and Elliot also move to strike the fourth, fifth and sixth counts, respectively, on the ground that the allegations contained in these counts refer only to conduct occurring at a time when the defendants owed no duty of professional care to the plaintiff. The Firm, Wolman and Elliot also move to strike, respectively, counts twelve, thirteen and fourteen, the professional negligence counts, on the ground that the plaintiff has failed to allege that the requisite attorney-client relationship existed at the time the alleged misconduct relative to those counts occurred. The Firm also moves to strike count ten, the CUTPA claim, on the additional grounds that (1) the conduct alleged falls within the noncommercial aspects of the profession of law and so fails to state a cause of action and (2) the plaintiff lacks standing to bring the claim. Finally, all three defendants move to strike the prayers for prejudgment interest and restitution on the ground that the plaintiff has not asserted any claim that would entitle him to such relief. CT Page 2992
 II. DISCUSSION
A motion to strike contests the legal sufficiency of the allegations of the challenged pleading to state a claim upon which relief can be granted. Practice Book § 10-39(a)(1);Ferryman v. Groton, 212 Conn. 138, 142, 561 A.2d 432 (1989);Mingachos v. CBS. Inc., 196 Conn. 91, 108, 491 A.2d 368
(1985)."In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 214-15, 618 A.2d 25 (1992). In reviewing a motion to strike, the trial court "`must take as true the facts alleged in the plaintiff's complaint and must construe the complaint in the manner most favorable to sustaining its legal sufficiency.Sassone v. Lepore, 226 Conn. 773, 780, 629 A.2d 357 (1993);Michaud v. Wawruck, 209 Conn. 407, 408, 551 A.2d 738 (1988).'Waters v. Autuori, 236 Conn. 820, 822, 676 A.2d 357 (1996)."Parsons v. United Technologies Corp. , 243 Conn. 66, 68,700 A.2d 655 (1997). A motion to strike admits all facts well-pleaded.Mingachos v. CBS, Inc., supra. 108. "If facts provable in the complaint would support a cause of action, the motion to strike must be denied. Faulkner v. United Technologies Corp. , [240 Conn. 576, 580, 693 A.2d 293 (1997)]." (Internal quotation marks omitted.) Peter-Michael, Inc. v. Sea Shell Associates,244 Conn. 269, 271, 709 A.2d 558 (1998). The challenged pleading is to be read broadly, "not strictly limited to the allegations, but also including the facts necessarily implied by and fairly provable under them." (Internal quotation marks omitted.) Commercial UnionIns. Co. v. Frank Perrotti Sons, Inc., 20 Conn. App. 253, 257,566 A.2d 431 (1989) (citing Schmidt v. Yardney Electric Corp. ,4 Conn. App. 69, 74, 492 A.2d 512 (1985)).
The defendants recognize the limited circumstances under which they may prevail on a motion to strike based on a statute of limitations argument. The general rule is that "[a] claim that an action is barred by . . . the statute of limitations must be pleaded as a special defense, not raised by a motion to strike."Forbes v. Ballaro, 31 Conn. App. 235, 239, 624 A.2d 389 (1993). "[T]he objection to this mode of pleading is that it raises no issue and deprives the plaintiff of an opportunity to reply a new promise, or an acknowledgment. . . . A motion to strike might also deprive a plaintiff of an opportunity to plead matters in avoidance of the statute of limitations defense." (Citation omitted: internal quotation marks omitted.) Id. CT Page 2993
There are two limited exceptions, however, to this general rule. Courts will allow the use of a motion to strike to raise the defense of the statute of limitations (1) "if all of the facts pertinent to the statute of limitations are pleaded in the complaint and the parties agree that they are true," or (2) "if a statute creating the cause of action on which the plaintiff relies fixes the time within which the cause of action must be asserted." Girard v. Weiss, 43 Conn. App. 397, 415,682 A.2d 1078, cert. denied, 239 Conn. 946, 686 A.2d 121 (1996); see alsoForbes v. Ballaro, supra, 31 Conn. App. 239-40 (use of motion to strike to raise statute of limitations defense allowed when "[t]he parties agree that the complaint sets forth all the facts pertinent to the question whether the action is barred" or where a "statute gives a right of action . . . and fixes the time within which the right must be enforced"). The defendants contend that their respective motions to strike are procedurally appropriate at this juncture based on the first exception because all pertinent facts with regard to the limitations period are undisputed and alleged with exactitude in the complaint.
 A. Count Two
With regard to count two, the defendants contend that all allegations concerning defendant Wolman relate to conduct which occurred between September 11, 1978, and February 19, 1994, the time period designated in the complaint as the "Conservatorship Period." Therefore, the defendants claim that February 19, 1994, is the latest date on which the three year statute of limitations set forth in General Statutes § 52-577 began to run. Because the action was not commenced until November 6, 1997, approximately eight months after the limitations period expired, the defendants conclude that the cause of action set forth in count two is barred.
The plaintiff does not agree that all facts pertinent to the statute of limitations issue have been pleaded and disputes that February 14, 1994. is the date on which the statute of limitations began to run. Although the complaint designates the time period from September 11, 1978, to February 19, 1994, as the "Conservatorship Period." the plaintiff disputes that the conservatorship actually terminated on February 19, 1994. Because at least some allegations of defendant Wolman's misconduct are generally alleged to have occurred "during the conservatorship. " as opposed to the specifically defined "Conservatorship Period," CT Page 2994 the plaintiff maintains that a pertinent fact is the date on which the conservatorship actually terminated, which date has not been pleaded. Therefore, the plaintiff concludes that because the parties do not agree that all dates pertinent to the limitations issue have been pleaded in the complaint, the motion to strike is improper.
Construing the allegations of the complaint in the manner most favorable to the plaintiff, the court must agree with the plaintiff. The plaintiff has sufficiently alleged that a fiduciary relationship existed between him and the defendant Wolman. Several allegations are made from which it can be inferred that this fiduciary relationship lasted at least until the end of the conservatorship, and several of the claimed breaches of fiduciary duty are simply alleged to have occurred "during the conservatorship. " Such allegations are made in general terms with no specific dates given. Absent an allegation to the contrary, the latest date on which the alleged misconduct could have occurred is on the date the conservatorship terminated. The only allegation which speaks to when the conservatorship terminated states that "[t]he conservatorship was ultimately terminated by order of the Washington Probate Court," but the date on which such termination occurred is not pleaded. For purposes of the statute of limitations, this date is a pertinent fact.
Even if the conservatorship did end on February 19, 1994, the court does not agree with the defendants' assertion that all of the facts concerning the defendant Wolman's conduct pertinent to the statute of limitations have been pleaded or necessarily fall within the "Conservatorship Period" as defined. For example, the plaintiff alleges that "Wolman's representations of continuous legal representation by the Firm induced Plaintiff to continue to share confidential and/or privileged information with the Firm" and that Wolman breached his fiduciary duties to the plaintiff "[f]ailing to maintain the confidentiality of client disclosures from Plaintiff's ex-wife, Julia Omeara." The court is unable to determine from the allegations of the complaint when the alleged representations and disclosure occurred. Without such pertinent facts, the court is unable to conclude that all of Wolman's conduct occurred prior to February 19, 1994, or outside the limitations period.
The court concludes that because all facts pertinent to the limitations issue have not been pleaded in the complaint, the CT Page 2995 exception set forth in Forbes v. Ballaro, supra,31 Conn. App. 239-40, allowing the use of a motion to strike to raise a statute of limitations defense, does not apply. Therefore, the motion to strike count two on the ground that the statute of limitations has run is improper and must therefore be denied.
 B. Counts Four, Five and Six
Similarly, the defendants move to strike counts four, five and six on the grounds that the allegations contained therein relate to conduct which occurred outside the limitations period or at a time when the defendants owed no duty of professional care to the plaintiff. The defendants claim that counts four, five and six allege only conduct that occurred during the "Conservatorship Period" as defined and hence occurred prior to February 19, 1994. Thus, the defendants maintain that these counts raise claims that are barred by the three year statute of limitations set forth in General Statutes § 52-577.
With regard to count five against the defendant Wolman, as with count two, the court does not agree that all of the allegations against Wolman alleged to have caused emotional distress necessarily occurred prior to February 19, 1994, or outside the limitations period. For example, implicit in the incorporated paragraphs is that the plaintiff's claimed emotional distress arose out the alleged breaches of duty precipitated by "Wolman's representations of continuous legal representation by the Firm [which] induced Plaintiff to continue to share confidential and/or privileged information with the firm," which confidential information is alleged to have been improperly communicated to third parties thereby causing harm to the plaintiff. The date on which this alleged misconduct occurred is not pleaded in the complaint. Without such a pertinent fact, the court is unable to conclude whether all of Wolman's conduct occurred prior to February 19, 1994, or, more importantly, whether the alleged misconduct occurred outside of the limitations period. Therefore, because all of the facts pertinent to the limitations defense have not been pleaded in the complaint, the exception set forth in Forbes v. Ballaro, supra,31 Conn. App. 239-40, does not apply, and the motion to strike the fifth count must be denied.
With regard to counts four and six, the defendants first contend that the allegations contained therein relate only to conduct which occurred during the "Conservatorship Period" as CT Page 2996 defined, and thus these counts are barred by the statute of limitations. The court disagrees. Counts four and six by incorporation contain numerous allegations of misconduct which occurred during the course of the plaintiff's mismanagement action against the Bank filed in May 1995, well within the applicable limitations period. Thus, the motions to strike counts four and six on this ground is denied.
The defendants alternatively contend that counts four and six fail as a matter of law because the alleged misconduct occurred at a time during which they owed no duty of care to the plaintiff. The court disagrees. Although the defendants claim that they cannot be held legally responsible for the emotional distress caused to their client's adversary, this assertion misconstrues the nature of the plaintiff's emotional distress claim. The plaintiff's claim does not arise out his position as the Bank's adversary in the mismanagement action. As stated previously, implicit in the incorporated paragraphs of counts four and six is that the plaintiff's claim of emotional distress arises out of the alleged breaches of the fiduciary duties owed to him by the defendants.
The flaw in the defendants' argument that any duty owed to the plaintiff ceased upon the termination of the conservatorship is that they equate the dates alleged to constitute the "Conservatorship Period" as being the same time period during which the plaintiff alleges an attorney-client relationship, and therefore, a fiduciary relationship, existed. The court does not agree that by defining the "Conservatory Period" as such the plaintiff thereby defined the attorney-client relationship. The plaintiff explicitly alleges the existence of an attorney-client relationship and hence a fiduciary relationship. Nowhere in the complaint, however. does the plaintiff allege when, if ever, the attorney-client relationship or fiduciary relationship ended. Put another way, even though the conservatorship over the plaintiff is alleged to have terminated, this in no way necessarily implies that the fiduciary relationship between the parties terminated as well.
As the memoranda of the parties make clear, the fact of when the fiduciary relationship between the parties ended is very much in dispute. Whether, in fact, an attorney-client relationship fiduciary relationship existed between the parties, or whether the plaintiff possessed a reasonable belief that such a relationship existed between the parties, at the time of the CT Page 2997 alleged misconduct is a question of fact, the determination of which is for the trier of fact. Dunham v. Dunham, 204 Conn. 303,320, 528 A.2d 1123 (1987), overruled on other grounds,Santopietro vs. New Haven, 239 Conn. 207, 682 A.2d 106 (1996). For purposes of determining the respective motions to strike, the court must take as true the facts as pleaded; Parsons v. UnitedTechnologies Corp. , supra, 243 Conn. 68; and concludes that the plaintiff has sufficiently alleged the existence of an attorney-client and/or fiduciary relationship at the time of the alleged misconduct. Thus, the respective motions to strike counts four and six on the ground that the alleged misconduct occurred at a time during which the defendants owed no duty of care to the plaintiff is denied.
 C. Counts Seven, Eight and Nine
The defendants move to strike counts seven, eight and nine on the ground that the allegations contained therein fall outside the applicable statute of limitations period. Unlike counts four, five and six, which claim negligent infliction of emotional distress arising out of the defendants' conduct as set forth in paragraphs 1-97 of the complaint, counts seven, eight and nine specifically claim intentional infliction of emotional distress relating to the conduct of the defendants "in continuing the conservatorship of a person able, willing, and competent to manage his own affairs." Based on this language, the defendants claim that the conduct alleged necessarily must have occurred during the "Conservatorship Period," defined as September 11, 1978, to February 19, 1994, and that these counts are therefore barred by the three year statute of limitations set forth in General Statutes § 52-577.
As discussed previously, although the complaint designates the time period from September 11, 1978, to February 19, 1994, as the "Conservatorship Period," the plaintiff disputes that February 19, 1994, is the date on which the conservatorship terminated. The only allegation which specifically speaks to the termination simply states that "[t]he conservatorship was ultimately terminated by order of the Washington Probate Court," but no date is provided. (Revised Complaint, ¶ 82.) Since the latest date on which the alleged misconduct could have occurred, i.e. the improper continuation of the conservatorship, is the date the conservatorship was ultimately terminated, such date is a pertinent fact for purposes of determining the statute of limitations issue. Since this date has not been pleaded, the CT Page 2998 complaint does not set forth all the facts essential to the limitations issue, and thus the exception set forth in Forbes v.Ballaro, supra, 31 Conn. App. 239-40, allowing the use of a motion to strike to raise a statute of limitations defense, does not apply. Therefore, the respective motions to strike the seventh, eighth and ninth counts must be denied.
 D. Count Ten
The Firm moves to strike count ten on the grounds that the allegations raise questions related exclusively to the noncommercial aspects of the legal profession, the plaintiff lacks standing to bring a CUTPA claim against the Firm, and finally, the CUTPA claim is barred by the applicable limitations period. Because the court concludes that the motion to strike the tenth count may be granted upon the first ground, the remaining grounds need not be considered.
In count ten, the plaintiff claims "unfair methods of competition and unfair or deceptive acts or practices in the conduct of its representation of Plaintiff, in its continuing dissemination of privileged and confidential information to the Bank, and in its adversary relationship to Plaintiff in the Mismanagement Action." The Supreme Court has specifically held that CUTPA covers "only the entrepreneurial or commercial aspects of the profession of law" and not "the representation of the client in a legal capacity." Haynes v. Yale-New Haven Hospital,243 Conn. 17, 35, 699 A.2d 964 (1997). Since the plaintiff's allegations in count ten are all matters that relate to his legal representation by the defendants, the motion to strike count ten is granted.
 E. Counts Eleven, Twelve, Sixteen and Seventeen
The defendants move to strike counts eleven, twelve, sixteen and seventeen on the ground that these counts contain only allegations of conduct occurring within the "Conservatorship Period" as defined and thus are barred by the statute of limitations. In the eleventh count, a claim of actual fraud against the Firm, the plaintiff alleges that "during the Conservatorship Period, the Firm, through Wolman, regularly and consistently assured Plaintiff that it continued to serve as his legal counsel or made material misrepresentations of existing fact that were intended to induce reliance by Plaintiff and did induce reliance by Plaintiff." By incorporation. "Conservatorship CT Page 2999 Period" is specifically defined as the time period from September 11, 1978, to February 19, 1994. Similarly, the seventeenth count, a claim of invasion of privacy against the Firm, contains the allegation that "[d]uring the course of the Conservatorship Period, the Firm routinely divulged private and confidential matter to Plaintiff's ex-wife, Julia Omeara, without his prior approval or consent." Thus, it does appear that the misconduct alleged in these counts is confined to a time period outside the limitations period.
The plaintiff, however, claims in his memorandum that he should be entitled to plead matters in avoidance of the statute of limitations, such as fraudulent concealment; see General Statutes § 52-595; and the continuing course of conduct doctrine; see Blanchette v. Barrett, 229 Conn. 256, 276,640 A.2d 74 (1994); Fichera v. Mine Hill Corp. , 207 Conn. 204, 209-10,541 A.2d 472 (1988). The plaintiff disputes that the complaint states the pertinent facts from which a determination regarding whether the statute of limitations was tolled can be made and contends that additional facts are necessary to prove that the claims set forth in these counts are not time barred. The plaintiff argues that, as these claims are matters relevant to avoidance of the statute of limitations, he was not obligated to plead such matters in the complaint.
The defendants make the argument that the plaintiff anticipated a defense based on the statute of limitations and sought to overcome the defense by attempting to include the appropriate allegations in the complaint. Specifically, the defendants argue that the plaintiff attempted to plead fraudulent concealment and the continuing course of conduct doctrine in an effort to show that the applicable statute of limitations had been tolled, but that the facts pleaded are insufficient to support these claims. Thus, the defendants argue that the limitations defense is properly raised by a motion to strike.
In support of this proposition, the defendants cite Hartt v.Schwartz, Superior Court, judicial district of New Haven at New Haven, Docket No. 331912 (July 15, 1996, Corradino. J.) ("if the complaint anticipates [a limitations defense] and seeks to overcome its effect by appropriate allegations, it is permissible to raise the issue by a motion to strike"), and Bombard v.Girard, 6 Conn. Cir. 596, 597, 281 A.2d 249 (1971) ("if the complaint purports to anticipate such a plea and to overcome its effect by appropriate allegations, it is permissible to raise the CT Page 3000 issue of the statute by a [motion to strike]"). These decisions, however, do not create third exception to the general rule set forth in Girard v. Weiss, supra, 43, Conn. App. 415, and Forbesv. Ballaro, supra, 31 Conn. App. 239-240, but rather restate the first exception that presupposes that the parties agree that all relevant facts are pleaded in the complaint. See Aetna Casualty Surety Co. v. Price Waterhouse, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 323277 (June 18, 1998,Stodolink. J.); D'Agosta v. Johnson, Superior Court, judicial district of Litchfield, Docket No. 065717 (August 11, 1995,Pickett, J.).
As previously discussed, the parties in this case do not agree that all relevant facts have been pleaded. That certain allegations made are otherwise suggestive of a continuing course of conduct or fraudulent concealment is not enough to persuade the court that the plaintiff actually anticipated the limitations defense and attempted to include the necessary allegations to overcome it in the complaint. Therefore, the court concludes that the plaintiff should be given the opportunity affirmatively to plead these matters in avoidance of the statute of limitations defense. See Forbes v. Ballaro, supra, 31 Conn. App. 240-41. The respective motions to strike counts eleven and seventeen are denied.
Unlike the eleventh and seventeenth counts, the twelfth and sixteenth counts, which allege, respectively, professional negligence and negligent misrepresentation against the Firm, do not contain only allegations of misconduct confined to the "Conservatorship Period" as defined. Count twelve contains at least some allegations of misconduct occurring during the mismanagement action filed in May 1995, and thus the claim clearly is not barred by the statute of limitations. Therefore, the motion to strike the twelfth count on the ground it is barred by the statute of limitations is denied.
Similarly, at least some of the allegations contained in count sixteen refer to misconduct of the Firm that occurred generally "[i]n the course of its professional relationship with Plaintiff." As discussed previously, the date on which the "professional relationship" between the parties terminated has not been alleged. Such date is a pertinent fact, without which the court is unable to conclude that all of the alleged misconduct occurred outside the limitations period. Since this date has not been pleaded, the complaint does not set forth all CT Page 3001 the facts essential to the limitations issue, and thus the exception set forth in Forbes v. Ballaro, supra,31 Conn. App. 239-40, allowing the use of a motion to strike to raise a statute of limitations defense, does not apply. Therefore, the motion to strike the sixteenth count must be denied.
 F. Counts Twelve, Thirteen and Fourteen
The defendants move to strike the twelfth, thirteenth and fourteenth counts on the ground that the plaintiff fails to allege sufficiently the existence of an attorney-client relationship and that therefore these counts fail to state a claim for professional negligence. The defendants make substantially the same arguments here as they did with regard to counts four and six, in that the alleged misconduct occurred at a time during which the defendants owed no duty to the plaintiff. For the same reasons articulated in that prior discussion, the court concludes that the plaintiff has alleged sufficiently the existence of an attorney-client relationship. Therefore, the respective motions to strike counts twelve, thirteen and fourteen are denied.
 G. Prayer for Relief
Finally, the defendants move to strike the prayers for prejudgment interest and for restitution on the ground that the plaintiff has not asserted any claim which would entitle him to such relief. The court agrees with the defendants and therefore grants the respective motions to strike the prayers for prejudgment interest and for restitution.
 CONCLUSION
For the reasons articulated above, the defendants' respective motions to strike counts two, four, five, six, seven, eight, nine, eleven twelve, thirteen, fourteen, sixteen, and seventeen are denied. The defendants' respective motions to strike count ten and the prayers for prejudgment interest and restitution are granted.
Peck, J.